MARY WILSON, Appellant, v. GEORGE F. STEVER, Appellee.

**LIMITATION OF ACTIONS:** Marriage Contracts—Breach. An action for damages for breach of promise of marriage accrues on the breach, and is barred upon the expiration of two years therefrom.

**PLEADING:** Construction—Acquiescence in Construction—Effect. A pleader who acquiesces in the interpretation of the trial court of an ambiguous pleading may not, on appeal, deny the effect of his acquiescence, especially when by a simple amendment he might easily have removed all uncertainty. (See Book of Anno., Vol. 1, Sec. 11111, Anno. 9 *et seq.*)

**APPEAL AND ERROR:** Abstracts of Record—Unnecessary and Immaterial Amendment—Costs. The costs attending unnecessary and immaterial amendments to an abstract will be taxed to the party presenting them. (See Book of Anno., Vol. 1, Sec. 12846.)

Headnote 1: 9 C. J. p. 337; 37 C. J. p. 771.  Headnote 2: 4 C. J. p. 719 (Anno.)  Headnote 3: 15 C. J. p. 273.

*Appeal from Jefferson District Court.*—D. M. ANDERSON, Judge.

FEBRUARY 8, 1927.

Action at law for damages for breach of promise of marriage. A demurrer to the petition was sustained on the ground

that the cause was barred by the Statute of Limitations. The plaintiff thereupon stood upon her petition, and suffered judgment of dismissal, from which she has appealed.—*Affirmed.*

*Herminghausen & Herminghausen,* for appellant.

*McCoid, McCoid & McCoid,* for appellee.

EVANS, C. J.—I. This suit was begun December 16, 1924. The petition averred that the promise of marriage was made in 1911, and continued through varying delays for many years; that, in December, 1921, the defendant promised to consummate the marriage on March 1, 1922; that he failed to do so, and has ever since willfully refused to do so, notwithstanding the frequent importunities of the plaintiff. The controlling question presented to us is one of construction of our Statute of Limitations, as applied to a breach of promise case.

*1. LIMITATION OF ACTIONS: marriage contracts: breach.*

Is the period of limitation of such an action governed by Paragraph 3 of Section 11007, Code of 1924, or is it governed by Paragraph 5 thereof? If the former, then the period of such limitation is two years; if the latter, it is five years. Paragraph 3 of such section, so far as it relates to this case, is as follows:

"3. Those founded on injuries to the person or reputation, including injuries to relative rights, whether based on contract or tort, or for a statute penalty, within two years;"

Is the action for damages one "founded on injuries to the person or reputation?" The appellee contends for the affirmative, and the appellant for the negative. The appellant naturally contends that a promise of marriage is a contract, and that an action for its breach is an action for breach of contract. That a contract for marriage is in the nature of a civil contract, is to be conceded. It does not follow, however, that injuries resulting from its breach are not to be classified as "injuries to the person or reputation." Our statute implies that such an injury to "person or reputation" may be based upon contract, as well as upon tort. To classify a promise of marriage as a contract is largely a matter of terminology. It is so denominated by statute, Section 10427, Code of 1924. It is in a class by itself,—*sui generis.* It has attributes which pertain to no other contract.

It is wanting in material attributes which attach to other forms of contract. It is purely personal in its nature; it is never capable of specific enforcement; it is, in its nature, non-assignable. Its objective is to establish a status for the parties thereto. The death of one of the parties before its breach terminates its obligation. Damages for the breach of such promise are not ordinarily measured by the terms of the promise. Such breach is not deemed an injury to property rights, but an "injury to person and reputation." The measure of damages in such a case is usually predicated, as in the case at bar, upon the allegation that plaintiff "has suffered great grief, shame, and mortification, and her affections have been greatly wounded." The holding of the great weight of authority on this question is summarized in 9 Corpus Juris 335, as follows:

"An action for breach of promise is in form an action founded on contract, and not in tort, and is treated as an action for breach of contract; but the injury is regarded as entirely personal, and the action, although in form one for breach of contract, is really one for an injury arising from the personal conduct of defendant and affecting the personality of plaintiff."

See, also, page 322, as follows:

"An agreement to marry can be made only between a man and a woman, and is essentially different from every other contract known to the law, its objects being totally unlike the purposes to be accomplished by any other kind of contract which can be entered into, and the relation it has in view being wholly distinct from the relation which any other contract could contemplate. Moreover, the contract has its origin in natural law, and is the foundation of society."

The foregoing seems to coincide very closely with the provisions of Paragraph 3 of our statute, above quoted.

It is conceded that this court has never hitherto definitely passed upon the question here presented. In *In re Estate of Oldfield,* 158 Iowa 98, the question was involved in the record, but was not presented to us for decision. In the trial below, the district court instructed that the period of limitation was two years, under the provision of the statute above quoted (being Section 3447, Code of 1897), and such ruling was not challenged here on appeal. The correctness of such ruling being assumed by the appellant, it was so assumed by us, without actual deci-

sion. A similar situation was presented in *Rime v. Rater*, 108
Iowa 61. The question presented herein has, however, been
definitely passed upon in many other courts of last resort. The
cases are collated in 9 Corpus Juris 336 *et seq.*; also, 37 Corpus
Juris 774 *et seq.* Manifestly, the great weight of authority in
other jurisdictions classifies the damages resulting from breach
of promise of marriage as "injuries to the person or reputa-
tion." If we adopt such view, then the case is brought clearly
within the definite terms of Paragraph 3, above quoted. We
will not review or discuss herein the many cases thus collated.
A brief excerpt from one of them (*Warner v. Benham*, 126
Wash. 393 [218 Pac. 260]), will sufficiently illustrate the gen-
eral line of reasoning upon which such cases are predicated:

"While, under the law, that agreement is a civil contract,
it is also both much more and much less than the usual contract.
It is purely personal; it does not affect property; it is not as-
signable; rights under it may not be inherited; it concerns one's
state of mind, rather than his estate; we never look upon the
relationship as one of contract, in the sense that word is gener-
ally used. For its breach the measure of damages is entirely
different than in cases for the breach of ordinary contract.
The damages are not, as usual, limited to the natural conse-
quences of the breach. The character, the chastity and social
standing of the plaintiff, the extent of the injury to her per-
sonal feelings and pride, the amount of her mental suffering,
the age, wealth, and social standing and motives of the defend-
ant,—all these features may be taken into consideration in
fixing the compensation. Promise of marriage may be a con-
tract, but it is one forming its own class, and in its essential
features greatly differs from all others."

We find ourselves in accord with the majority view, to the
effect that damages for breach of promise are, in their nature,
"injuries to person." This being so, the case comes squarely
within the provisions of Paragraph 3, above quoted.

We hold, therefore, that the period of limitation in this case
was two years from the time of the breach.

II. In our foregoing conclusion, we do not overlook the
contention of the appellant that the last promise made by the
defendant was on August 5, 1922, and that the petition did not

**2. PLEADING:**
**construction:**
**acquiescence**
**in construc-**
**tion: effect.**

disclose the date on which the breach of such last promise occurred. It is argued, therefore, that the petition was not demurrable. The question thus raised involves an interpretation of the pleading. The trial court evidently interpreted the plaintiff's petition to charge a breach on March 1, 1922. The petition did so charge, and did allege that the breach and refusal to marry had been persisted in ever since such date, notwithstanding the frequent demands of the plaintiff. The record discloses that the defendant filed a motion to strike the plaintiff's petition, and supported the same by affidavit which incorporated a recital of facts,—all of which was done quite improperly. It was recited therein that, on August 1, 1922, the plaintiff had brought her action for the same cause, and that upon the 5th day of August she settled the same, and received $1,500 from the defendant in settlement thereof. She amended her petition, and alleged, in apparent explanation of these recitals, that the defendant had fraudulently induced her to dismiss her action by renewing his promise of marriage. The prayer of her original petition was predicated upon the alleged breach of March 1, 1922, and was in no manner amended. The trial court was justified in adopting the interpretation which it did. This being so, we are required to interpret the same in support of the judgment below. So far as appears in the record, the interpretation adopted by the trial court was not challenged there. There is little excuse for ambiguity in a pleading at any time. There is still less excuse for failure to discover and correct the same when decision turns upon the interpretation of the pleading. In ruling upon the demurrer, the district court allowed the plaintiff ten days in which to elect whether to amend or to stand. This furnished plaintiff abundant opportunity to set interpretation at rest.

III. There was a second count to the petition, which charged that, in December, 1921, the defendant, by duress and by force, confined the plaintiff in his hotel room throughout one night, and refused to permit her to depart therefrom; and damages are claimed for such wrongful conduct.

The pleader is intentionally noncommittal as to whether the conduct of the defendant should be deemed an assault or false imprisonment, and withholds from such count all nomenclature.

From any point of view, however, damages for such wrongful conduct would necessarily be founded upon "injuries to the person or reputation," and would be barred in two years. The point is not sufficiently debatable to warrant discussion.

IV. Appellant has filed motion to strike appellee's amended abstract and to tax cost of printing resulting therefrom to the appellee. The record before us discloses that appellee, by his amended abstract, brought into the record various matters wholly irrelevant to the ruling on the demurrer. This included the motion to strike and the affidavit which has already been referred to in Division II hereof. This had nothing to do with any question presented by the appeal. The same matters were elaborately considered in appellee's brief, and form a substantial part of its volume; and an otherwise excellent brief has been greatly impaired thereby, so far as its usefulness to us is concerned. The motion to strike the same must be sustained. No cost of printing thereof will be taxed to the appellant. Appellee will be charged also with one half of the cost of printing his brief. All other costs will be taxed to the appellant.

3. Appeal and Error: abstracts of record: unnecessary and immaterial amendment: costs.

The judgment of the district court is affirmed.—*Affirmed.*

Stevens, Faville, and Vermilion, JJ., concur.