STATE *ex rel. v.* HEAD, Sheriff *et al.*

(*Knoxville,* September Term, 1952.)

Opinion filed December 5, 1952.

Petition to Rehear denied January 15, 1953.

RAYMOND A. GRAHAM and RAY L. BROCK, JR., both of Chattanooga, for plaintiff.

NOONE, TANNER & NOONE, of Chattanooga, for defendants.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This is a suit for personal injuries against Grady Head as Sheriff of Hamilton County, and the Globe Indemnity Company of New York, surety on the sheriff's official bond, to recover for damages for injuries alleged to have been wrongfully inflicted upon the plaintiff, Paul Ivester, by a deputy sheriff while performing his official duty. The defendants interposed a demurrer to the declaration for the reason that the declaration showed on its face that the suit is one to recover for personal injuries inflicted on March 22, 1947, or more than four years before suit was instituted and was therefore barred by Section 8595 of the Code, which provides that all suits for personal injuries must be brought within a year from the time the injuries were inflicted. The plaintiff relies upon Sections 8600 and 8601 of Williams' Tennessee Code.

Section 8600 of the Code provides, among other things, as follows:

"* * * actions against the sureties of * * * sheriffs * * * and other public officers, for nonfeasance, misfeasance, and malfeasance in office * * * shall be commenced within six years after the cause of action accrued."

Section 8601 provides in part as follows:

"* * * actions against * * * sheriffs * * * and other public officers on their bonds * * * shall be commenced within ten years after the cause of action accrued."

Section 8595 of the Code provides as follows:

"Actions for libel, for injuries to the person, false imprisonment, malicious prosecution, criminal conversation, seduction, breach of marriage promise, and statutory penalties, [shall be brought] within one year after cause of action accrued."

The trial judge sustained the demurrer, holding that the one year statute of limitations applied and that Sections 8600 and 8601 did not contemplate permitting a plaintiff to bring personal injury suits after the expiration of one year from the time the cause of action accrued.

From a reading of the declaration, it appears that this is a suit for injuries to the person and this being true, the case falls within the rule announced in *Bodne* v. *Austin,* 156 Tenn. 353, 2 S. W. (2d) 104; Id., 156 Tenn. 366, 2 S. W. (2d) 100, 62 A. L. R. 1410, where it is said that the one year statute of limitations applies to a suit for personal injuries, no matter in what guise or form the suit may be brought. In this case, suit was brought against a dentist, alleging breach of contract to extract plaintiff's teeth and make her a new set, in that the dentist not only failed to extract all of her teeth but broke off one of them negligently and carelessly, with the result that she suffered pain, loss of time and was put to great expense, for which she sought compensatory damages. There was a plea of the one year statute of limitations, which was sustained.

The Court said:

"It is assumed in much of the discussion that the decision turns upon whether the action is in contract or ex delicto, grounded on the wrong. However, this court is of opinion that this is not determinative; that, conceding that in given malpractice cases there

may be two independent causes of action, (1) breach of a contract, and (2) negligence constituting a tort, and conceding further, as quite generally held, that the right of election ordinarily exists as between these two causes of action, nevertheless, the effect of the Tennessee statutes is to limit the bringing of a suit to one year, whenever the action is one to recover damages for injuries to the person. In this view and construction of our statutes the question as to whether the ground or cause of the action is ex contractu or ex delicto, treated as vital in much of the discussion in the authorities, becomes non-determinative here.''

The Court quoted at length from another case, and then said:

"In the same volume of [1] A. L. R., on page 1314, the annotator says: 'Where a statute limits the time in which an action for "injuries to the person" may be brought, the statute is applicable to all actions, the real purpose of which is to recover for an injury to the person, whether based upon contract or tort, in preference to a general statute limiting the time for bringing actions ex contractu'—citing many authorities.''

The Court then referred to the case of *Birmingham* v. *Chesapeake & O. Railroad Co.*, 98 Va. 548, 37 S. E. 17, where the plaintiff sued in assumpsit for injuries sustained on a train—failure to carry safely, etc. —and upon a plea of the one year statute, insisted that the three year statute was applicable, the Virginia Court saying:

"This position is not tenable. The limitation is not determined by the form of action, but by its object. If the thing complained of is an injury to the

person, the limitation in assumpsit is the same as if the action were in form ex delicto."

The Court said further:

"The object of the suit at bar being to recover damages for personal injuries alleged to have been sustained by the plaintiff, the limitation in tort actions is applicable."

The Court approved the foregoing, and then said:

"The conclusion reached, as heretofore stated, that the language of the one-year statute, 'all actions for * * * injuries to the person,' has application whenever the action is one by which it is sought to recover damages for injuries inflicted upon the person, is not only justified by a natural and plausible interpretation of the language employed, but also by what is conceived to be a practical construction heretofore quite generally given to the statute by the profession and the holdings of trial courts; and further, perhaps, by the probable purpose of the lawmakers to thus limit the bringing of actions, the disposition of which involves the production of evidence in its nature particularly difficult to perpetuate, and easy to manufacture, or manipulate, after a lapse of years."

In *Albert* v. *Sherman*, 167 Tenn. 133, 67 S. W. (2d) 140, 141, this Court said:

"*Bodne* v. *Austin*, 156 Tenn. 353, 2 S. W. (2d) 100, 62 A. L. R. 1410 (the wife's case), settles the proposition that an action for injuries to the person whether viewed as one in contract or one in tort, is barred by the one-year statute of limitations."

In *Finck* v. *Albers Super Market, Inc.*, 6 Cir., 136 F. (2d) 191, the third headnote reads as follows:

"Under Kentucky law, action for physical injuries caused by negligent act of another or his agent must be commenced within one year from date of alleged injury and fact that parties stand in contractual relation to each other or that tort-feasor violates statute causing injury does not operate to change rule or extend time for commencement of action."

In *Nightlinger* v. *Johnson,* 18 Pa. Dist. & Co. 47, the Court said:

"The question whether the claim is based upon contract, or whether or not plaintiffs have a right to waive the tort and sue upon the contract, are subordinate to the principal question of the interpretation of the statute."

In an earlier Pennsylvania case of *Bradley* v. *Laubach,* 23 Pa. Dist. R. 151, it was said:

"We are obliged, however, to look beneath the form and ascertain the real basis of the claim. * * * There can be no doubt the basis of the claim is the injury wrongfully done to the plaintiff's person. It is unimportant whether it resulted from a breach of contract, or from a tort without a contract."

Now in the present case there is no contractual relation between the sheriff or his deputy and the injured plaintiff, as would be the case in a passenger on a train, bus or airplane. We think the present case is stronger for the plaintiff than *Bodne* v. *Austin,* supra.

It results that the judgment of the lower court is affirmed.