R. Earl Bland *v.* Mrs. M. V. Smith.

*(Nashville,* December Term, 1954.)

Opinion filed March 11, 1955.

684

A. A. Aspero and W. C. Rodgers, both of Memphis, for plaintiff in error.

Hanover, Hanover & Hanover, of Memphis, for defendant in error.

Mr. Justice Prewitt delivered the opinion of the Court.

The Circuit Judge sustained the demurrer to the declaration dismissing the suit and this appeal resulted.

There are two questions presented, first whether the one year Statute of Limitations applies and two, if it does whether the present suit was filed within the one year period.

This is a suit brought by Doctor Bland, a colored physician in the City of Memphis, against Mrs. M. V. Smith, a practicing attorney of the Memphis Bar.

The defendant, Mrs. Smith, contends that this suit is in reality one of malpractice. The declaration demands damages in the sum of $50,000.

The plaintiff below, Bland, alleged that he employed Mrs. Smith on March 15, 1950, to represent him and defend the suit for divorce which had been filed against him; that he paid her $1,000, as an attorney fee to represent him in this litigation.

The plaintiff's declaration contains many allegations with reference to negligence, failures, and refusals on the part of Mrs. Smith to perform her services; that she neglected to conduct the trial in a proper manner, and that she neglected to place witnesses on the stand in his behalf, and various other acts of misconduct in the trial of the divorce suit.

The plaintiff's declaration and amendment thereto contains only this statement with reference to his damages. This is as follows: "to his great damage, injury and detriment, not only the loss of his properties but to his great annoyance, aggravation, embarrassment, humiliation and injury to his physical well-being, particularly his health, on the account of which he suffered no end of pain and mental anguish."

The statute of limitations in suits "for personal injuries" provides that the action must be brought "within one year after cause of action accrued." Section 8595. Williams' Tennessee Code Anno.

■ To determine whether or not a suit is for personal injuries or contract a Court must look to the plaintiff's declaration to determine the real purpose of the law suit. Citing *Bodne* v. *Austin*, 156 Tenn. 353, 2 S. W. (2d) 100, 62 A. L. R. 1410; 34 Am. Jur., Limitations of Actions, Sec. 103, Tort Arising Out of Contract; *State* v. *Head*, 194 Tenn. 576, 253 S. W. (2d) 756; *Ehlen* v. *Burrows*, 51 Cal. App. (2d) 141, 124 P. (2d) 82.

■ In determining the real purpose or the gravamen of the action the Court must look to the basis for which damages are sought. 15 Am. Jur., Damages, Section 273.

■ It is the contention of the plaintiff that this is an action for breach of contract and that the six year statute of limitations, Code, Section 8600, applies. This six-year statute of limitations is only applied in cases where the whole basis of recovery is sought on contract and no element of personal injuries is involved. *Bruce* v. *Baxter*, 75 Tenn. 477; *Bodne* v. *Austin*, 156 Tenn. 353, 2 S. W. (2d) 100.

■ The Court must look to the plaintiff's declaration to determine whether or not he is suing on the implied contract as exists between attorney and client, or whether

or not he is suing for injuries to the person. The question of whether or not the action is one ex contractu or ex delicto is not determinative of the question. The question is whether or not the plaintiff is suing for injuries to the person.

A careful reading of the declaration and the amendment thereto will show that the plaintiff has sued for both compensatory and punitive damages.

█ It is a general rule in Tennessee that punitive damages are only allowable in cases involving torts where the action involves fraud, malice, oppression, or gross negligence. These damages are not generally allowed in cases founded on a breach of contract.

The principal allegation in the declaration as to damages is the statement regarding the defendant's conduct that in all of the matters complained of the result was "to his great damage, injury, and detriment" wherein he suffered no end of pain and mental anguish as a result of the misconduct of the defendant.

In *Bodne* v. *Austin,* supra, it appears that there was a suit for breach of a dentist's contract to extract plaintiff's teeth and make her a new set. It was alleged that he negligently failed to extract all of her teeth and one broke in her jaw with the result that "she suffered pain, loss of time, and was put to a great expense." The defendant interposed the plea of the one-year Statute of Limitations and the plaintiff relied upon the six-year Statute of Limitations. In this case the Court said:

"(1) It is assumed in much of the discussion that the decision turns upon whether the action is in contract or ex delicto, grounded on the wrong. However, this court is of opinion that this is not determinative; that, conceding that in given malpractice cases there may be two independent causes of action, (1) breach

of a contract, and (2) negligence constituting a tort, and conceding further, as quite generally held, that the right of election ordinarily exists as between these two causes of action, nevertheless, the effect of the Tennessee statutes is to limit the bringing of a suit to one year, whenever the action is one to recover damages for injuries to the person. In this view and construction of our statutes the question as to whether the ground or cause of the action is ex contractu or ex delicto, treated as vital in much of the discussion in the authorities, becomes nondeterminative here. The pertinent inquiry becomes, in each case as presented, whether or not, on the facts alleged, the defendant has inflicted injuries to the person, on account of which recovery is sought.''

On the basis of this reasoning the Court held that the Statute of Limitations of one year should apply. The Court in the Bodne case, supra, discussed the early case of *Bruce* v. *Baxter,* and had this to say:

''While in *Bruce* v. *Baxter,* supra, the court held the six-year statute applicable in an action against an attorney, it was found and held that the liability in that case grew out of a breach of his contract to make certain collections. There was no element of injury to the person involved, and such injury as the plaintiff suffered to his property was clearly an incident and outgrowth of the breach of this contract.''

We are also of the opinion that the plaintiff in the present case is relying on injuries inflicted upon his person.

The Bodne case, supra, has been followed in this State and is relied upon in the case of *State* v. *Head,* 194 Tenn. 576, 253 S. W. (2d) 756. This was a suit against a sheriff and the surety on his bond for personal injuries to a prisoner  The court cited the Bodne case and reached the

conclusion that the one-year Statute of Limitations applied. In the main, other jurisdictions in the modern cases followed this line of reasoning. See *Ehlen* v. *Burrows,* supra, malpractice against physicians; *Wilson* v. *Stever,* 202 Iowa 1396, 212 N. W. 142, breach of promise; *Coates* v. *Milner Hotels, Inc.,* 311 Mich. 233, 18 N. W. (2d) 389, suit for an assault in a hotel by a stranger founded on breach of contract to protect.

■ It will be found that the weight of authority to be in Tennessee and elsewhere that regardless of whether the suit is based on tort or contract the Court must look to the plaintiff's declaration to see whether or not he is suing for damages arising out of a contract, or for damages arising out of a tort—that is personal injury.

■ In the case now under consideration in reading the declaration and the damages alleged to have been suffered, we come to the conclusion that the plaintiff based his entire action not only on tort to begin with, but injuries to his person. We are therefore of the opinion that the Statute of Limitations of one year applies.

The second question is that assuming that one year Statute of Limitations applies when did the cause of action accrue?

■ The plaintiff's declaration was filed on December 9, 1953. The plaintiff has based his whole cause of action on the alleged negligent handling of his divorce suit in Chancery Court by the defendant. The declaration alleged that the final decree in this matter was entered on June 18, 1952, which was considerably more than one year before the filing of this declaration. It is argued that to take this cause out of the one-year Statute of Limitations is the allegation that on December 10, 1952, he paid the defendant an additional fee. This allegation might be determinative if this were a suit in contract. However,

this is not important in a suit for personal injuries since the cause of action accrued from the date of plaintiff's injuries. See *Albert* v. *Sherman,* 167 Tenn. 133, 67 S. W. (2d) 140.

We are therefore of the opinion that the plaintiff's cause of action had accrued upon date of the entry of the final decree in the Chancery Court of Shelby County, Tennessee, in the divorce suit and that his cause of action accrued more than one year before the filing of the declaration in this cause and is barred by Section 8595 of Williams' Tennessee Code Anno.

It results that we find no error in the judgment of the lower court and it is affirmed.