HELEN HACKWORTH, Plaintiff in Error,

*v.*

RALSTON PURINA COMPANY and Cumberland Case
Corporation, Defendants in Error.

381 S.W.2d 292.

(*Knoxville*, September Term, 1963.)

(May Session, 1964.)

Opinion filed July 15, 1964.

T. A. GREER, JR., Dunlap, for plaintiff in error.

GOINS, GAMMON, BAKER & ROBINSON, ROBERTS, WEILL & ELLIS, Chattanooga, for defendants in error.

MR. JUSTICE WHITE delivered the opinion of the Court.

Mrs. Helen Hackworth appeals from the action of the trial court in sustaining demurrers to her declaration and assigns errors.

The declaration alleged, in substance, that the defendant Cumberland Case Corporation manufactured, and the defendant Ralston Purina Company sold her several heaters which were advertised and represented as being

for the purpose of warming and raising chickens and could be used in chicken houses commonly used for such purposes. She alleged that the gas heaters were constructed of metal with a melting point so low that their own heat melted them. She charged that when this happened one or more of the heaters exploded and burned a large chicken house, some equipment, other improvements, and about 12,000 chickens, all to her damage in the amount of seven thousand dollars.

The plaintiff went on to allege that the heaters were of faulty construction and not fit to be used for the purposes expressed and thus the defendants were guilty of a breach of contract of warranty under T.C.A. sec. 47-1215 resulting in the aforesaid loss.

The defendants demurred to this action on the ground that the statute of limitations of three years had run, thus barring the action.

Cumberland Case Corporation also demurred individually on the ground there was no privity of contract between it and the plaintiff. The trial judge sustained both grounds of this demurrer.

We think the answer to one question is determinative of this case. The question, put simply, is whether T.C.A. sec. 28-305 or T.C.A. sec. 28-309 is the applicable statute of limitations governing the action in question. More specifically, is an action for breach of implied warranty and resulting property damage governed by our statute of limitations applicable to ''[a]ctions for injuries to personal or real property'' or governed by our statute applicable to ''actions on contracts not otherwise expressly provided for''?

This is clearly an action for injury to personal property. Its gravamen is tortious injury to personal property. T.C.A. sec. 28-304 and T.C.A. sec. 28-305 are very similar in form. Each begins with the word "actions" followed by a description of the type of action and then ends by stating that such type of action must be commenced within a certain time after the cause of action has accrued or be forever barred. T.C.A. sec. 28-304 applies to actions for personal injuries, and T.C.A. sec. 28-305 applies to actions for injuries to personal property.

It is necessary to this opinion that the history of the purpose of placing a time limit on the different type of actions to be brought for injuries or damages sustained be discussed.

We refer to the early case of *Shelby v. Shelby,* 3 Tenn. (Cooke) 179 (1812), decided by the Supreme Court of Errors and Appeals (now the Supreme Court of Tennessee), Mr. Justice John Overton said: "The statute of limitations is highly beneficial to society and ought to be liberally expounded. All jurists, of every age and country, have holden that statutes of limitation ought to be liberally construed in favor of possessors." *Porter v. Cocke,* 7 Tenn. (Peck) 30, 46, *Gray v. Darby,* 8 Tenn. (M. & Y.) 396, 418.

██ ██ It is now the prevailing view that a statute of limitations is a statute of repose, the purpose or object of which is to compel the exercise of a right of action within a reasonable time. Such statutes are designed to prevent undue delay in bringing suits on claims, to the surprise of the parties and when the facts have become obscure from the lapse of time, the defective memory or death or absence of witnesses.

The presumption is that one having a well founded claim will not delay enforcing it beyond a reasonable time, if he has the power to sue. Such a statute is remedial and in no manner affects the substantive rights of litigants. Such statutes are now considered wise and beneficent in their purpose and tendency; they are held to be rules of property vital to the welfare of society.

The foregoing general statements find support in many Tennessee cases and particularly in *City of Knoxville v. Gervin,* 169 Tenn. 532, 89 S.W.2d 348, 103 A.L.R. 877 (1936). At page 542 of 169 Tenn. at page 352 of 89 S.W. 2d it is said:

"In this state, as is now the case generally, the statutes of limitations are looked upon by the courts with favor as statutes of repose." (Citing many cases).

In *Albert v. Sherman,* 167 Tenn. 133, 67 S.W.2d 140 (1934), the late Mr. Chief Justice Green referred to the case of *Bodne v. Austin,* post, and held that the case "settles the proposition that an action for injuries to the person, whether viewed as one in contract or one in tort, is barred by the one-year statute of limitations."

In the case of *State, ex rel v. Head,* 194 Tenn. 576, 253 S.W.2d 756 (1952), a suit was brought against the Sheriff of Hamilton County and the Globe Indemnity Company of New York, as surety on the Sheriff's official bond to recover for damages for personal injuries alleged to have been wrongfully inflicted upon the complainant by a deputy sheriff while performing his official duty.

The defendants interposed a demurrer to the declaration setting up the statute of limitations of one year for the bringing of suits for personal injuries.

The plaintiff relied upon Sections 8600 and 8601, Williams' Tennessee Code (now T.C.A. secs. 28-309, 28-310), which provide that actions against the sureties of the sheriff and other public officers for nonfeasance, misfeasance and malfeasance in office shall be commenced within six years under T.C.A. sec. 28-309 and ten years under T.C.A. sec. 28-310 after the cause of action accrues.

This Court affirmed the action of the trial court in sustaining the demurrer and quoted with approval the holding in *Bodne v. Austin,* 156 Tenn. 353, 2 S.W.2d 100, 62 A.L.R. 1410 (1928).

A collection of many of the authorities throughout the country on the subject matter are referred to in *State v. Head,* supra, and the statement in 1 A.L.R., on pages 13-14 is quoted with approval in the Bodne case, as well as in *State v. Head,* as follows:

"Where a statute limits the time in which an action for 'injuries to the person' may be brought, the statute is applicable to *all actions,* the real purpose of which is to recover for an injury to the person, whether *based* upon *contract* or *tort,* in preference to a general statute limiting the time for bringing actions ex contractu'— citing many authorities." (Emphasis supplied.)

*State v. Head* referred to *Birmingham v. Chesapeake & O. Railroad Co.,* 98 Va. 548, 37 S.E. 17, wherein the plaintiff sued in assumpsit for injuries sustained on a train—failure to carry safely, etc.—and upon a plea of the one year statute, insisted that the three year statute was applicable. The Virginia Court said:

"This position is not tenable. The limitation is not determined by the form of action, but by its object. If the thing complained of is an injury to the person, the

limitation in assumpsit is the same as if the action were in form ex delicto.''

Another case referred to in Head is that of *Bradley v. Laubach,* 23 Pa.Dist.R. 151, in which it was said:

"We are obliged, however, to look beneath the form and ascertain the real basis of the claim. There can be no doubt the basis of the claim is the injury wrongfully done to the plaintiff's person. It is unimportant whether it resulted from a breach of contract, or from a tort without a contract."

In *Bland v. Smith,* 197 Tenn. 683, 277 S.W.2d 377, 49 A.L.R.2d 1212 (1955), the Court had occasion to examine again the statute of limitations with reference to commencement of actions to collect damages for personal injuries. This was an action against an attorney by a client for the negligent handling of a divorce action resulting in personal injury to client. This suit was commenced more than one year after such injury. The Court held that the one year statute was a bar to the action, despite the strong insistence of the plaintiff that the action was for breach of contract and the six year statute of limitations applied. The Court said that the six year statute of limitations only applied in cases where the whole basis of recovery is sought on contract and no element of personal injuries in involved.

In the case of *Bodne v. Austin,* supra, it was insisted that the six year statute (T.C.A. sec. 28-309) reading "actions on contracts not otherwise expressly provided for", and not the one year statute (T.C.A. sec. 28-304) reading "all actions for injuries to the person" applied to a suit against a dentist on his contract to extract the plaintiff's teeth and make her a new set. The dentist had

broken off one of her jaw teeth and left it in the gum, causing her great pain, suffering and loss of time.

This Court held that the effect of the Tennessee statutes is to limit the bringing of a suit to one year, whenever the action is one to recover damages for injuries to the person irrespective of the fact that prior to the statute there could have been two independent causes of action, one on contract and the other in tort, between which the plaintiff might have chosen. The Court said:

> "The word 'action,' as used in the statute, has reference to the subject-matter or nature thereof, not to its form as a matter of remedial procedure. Whether it be in tort or on contract, it is an action to recover damages for injuries to the person, and comes alike under the terms of the statute, since the phrase therein, 'no action to recover damages for injuries to the person,' refers to bodily injuries, and not to injuries to feelings." 156 Tenn. at 357, 2 S.W.2d at 101.

The reason and logic of the Bodne case, supra, is certainly applicable to the instant case. Here, although the plaintiff may be suing on warranty implied by law her action is still one for damage to personal property. Therefore, said action, not having been brought within the three year period allowed by T.C.A. sec. 28-305 for such actions, is barred.

This is not a suit seeking to rescind a contract and recover purchase money of the subject of the contract, but is one based upon loss of personal property flowing from an implied warranty, admitted by the demurrer.

The demurrer admits the improper and faulty construction of the heaters involved, but contends that, as a

matter of law, the suit sounds in tort because it grows out of the contractual relationship of the parties and no part of the contract is sought to be enforced by the action.

The plaintiff in error relies upon a series of cases which hold that in actions for conversion or destruction of personal property, a plaintiff may waive the tort and sue on an implied contract, and that such cases fall within the six year statute of limitations.

The case of *Whitaker v. Poston,* 120 Tenn. 207, 110 S.W. 1019 (1907), being one of the series of cases relied upon by the plaintiff in error, was an action to recover for the act of cutting and removing growing and standing timber. The Court said that the owner might waive the tort and sue in assumpsit for the value of the timber making the six year statute of limitations applicable and the three year statute inapplicable.

In the case of *Powell and Smith v. Blake,* 161 Tenn. 516, 33 S.W.2d 78 (1930), the children of one wrongfully killed brought suit against his widow to recover their pro rata share of the judgment collected by her on account of his death. They based their action on a breach of contract which the law implied on her part to distribute the funds to those entitled. The Court held that the six year statute of limitations was applicable.

The Court said that upon such facts it would be difficult to frame a bill which could be said to be an action in tort for the wrongful detention or conversion of the property within the application of the three year statute. Further, if such a tort were committed, the Court then thought the cause fell within the application of those cases which hold that such a tort may be waived in an action prosecuted

upon the implied contract to which only the six year statute of limitations can be applied.

We are not considering here any situation similar to these and the other cases relied upon by the plaintiff in error. The matter before us is a suit for damages for injuries to personal property allegedly resulting from the implied relationship of the parties. The instant case is clearly distinguishable from those cases relied upon by the plaintiff in error. We think this case is controlled by the holding in *Bodne v. Austin,* supra; *Albert v. Sherman,* supra; *State, ex rel v. Head,* supra; *Bland v. Smith,* supra; and the more recent case of *Hall v. DeSaussure,* 41 Tenn.App. 572, 297 S.W.2d 81, which was decided in 1956 and certiorari denied by this Court. All of these cases hold that the law is settled in Tennessee to the effect that the one year statute of limitations applies regardless of whether the actions sound in tort or in contract.

We are convinced that this opinion is consistent with the spirit and purpose of the law, is in strict conformity with prior opinions of this Court and, as indicated, the three year statute of limitations applies to the facts of this case.

Since this disposition of the appeal makes it unnecessary to consider the second ground of the defendant Cumberland Case Corporation's demurrer it will not be discussed. The action of the trial judge is affirmed and the costs of this appeal are adjudged against the plaintiff in error.

BURNETT, CHIEF JUSTICE, and FELTS, DYER and HOLMES, JUSTICES, concur.