**Adam Frank BOWLING and Betty Bowling, Plaintiffs,**

v.

**FORD MOTOR COMPANY and U–Haul Company, Defendants.**

**Civ. A. No. 5288.**

United States District Court
E. D. Tennessee, S. D.

Sept. 6, 1968.

Robert W. Hill, Jr., Chattanooga, Tenn., for plaintiffs.

Thomas A. Harris, of Milligan, Hoover, & Harris, Chattanooga, Tenn., for Ford Motor Co.

Strang, Fletcher, Carriger & Walker, Chattanooga, Tenn., for U-Haul Company.

## MEMORANDUM OPINION

NEESE, District Judge.

This diversity action was commenced on May 31, 1968. The plaintiffs demand judgment for their respective personal injuries claimed to have been sustained in a motor vehicle collision on March 25, 1967. Both defendants defend on the ground, *inter alia*, that the complaint fails to state a claim upon which relief can be granted, Rule 12(b) (6), Federal Rules of Civil Procedure, in that the plaintiffs' claim arose more than one year prior to the commencement of this action and is barred by T.C.A. § 28–304.

 " * * * [T]he pertinent inquiry * * * [is] whether * * *, on the facts alleged, the defendant has inflicted injuries to the person, on account of which recovery is sought. * * " Bodne v. Austin (1927), 156 Tenn. 353, 356(1), 2 S.W.2d 100, 62 A.L.R. 1410. " * * * [W]hether the suit is based on tort or contract the Court must look to the plaintiff's declaration to see whether * * * he is suing for damages arising out of a contract, or for damages arising out of a tort—that is personal injury. * * * " Bland v. Smith (1955), 197 Tenn. 683, 689(6), 277 S.W.2d 377, 380, 49 A.L.R.2d 1212.

The plaintiffs allege in their complaint, as follows:

" * * * Both plaintiffs would show that the accident and ensuing injuries incurred by each of them are the direct and proximate result of both defendants' negligence. * * *

"Further both plaintiffs aver that all of the injuries * * * are [sic: the] direct and proximate result of * * * breach of warranty * * *."

Thus, while the plaintiffs undertake to rest their claims upon breaches of contracts of warranty, they allege that the defendants have inflicted injuries to their respective persons and seek respective recoveries for such injuries. It being personal injuries for which the plaintiffs sue, it was mandatory that they commence their action by March 25, 1968 under Tennessee law.[1] " * * * [T]he effect of the Tennessee statutes is to limit the bringing of a suit to one year, whenever the action is one to recover damages for injuries to the person. * * * " Bodne v. Austin, supra, 156 Tenn. at 356(1), 2 S.W.2d at 100. Where the plaintiff bases his action " * * * [on] injuries to his person, * * * the Statute of Limitations of one year applies. * * * " Bland v. Smith, supra, 197 Tenn. at 689 (7), 277 S.W.2d at 380.

Accordingly, the plaintiffs have stated no claim against either defendant on which relief can be granted, and they hereby are denied all relief. Judgments for each defendant will enter, dismissing the complaint herein.

---

1. This situation is differentiated from one in which damages are sought for breach of a contract of warranty whereunder title to goods is passing from a seller to a buyer for a price, T.C.A. § 47–2–106, and a longer period of limitation is allowed, T.C.A. § 47–2–725. Cf. The Brasher Company, Inc. v. Zuck Pail & Can Co., Inc., D.C.Tenn. (1967), unpublished, civil action no. 4948, this District and Division, opinion of September 12, 1967.