**Charles C. HODGE, Plaintiff-Appellant,**

v.

**SERVICE MACHINE COMPANY et al.,
Defendants-Appellees.**

**No. 20479.**

United States Court of Appeals,
Sixth Circuit.

Feb. 18, 1971.

Oliver B. Dickins, Nashville, Tenn., Sidney W. Gilreath, Knoxville, Tenn., on the brief, for appellant.

George W. Morton, Jr., Knoxville, Tenn., for Linemaster Switch.

Jerome G. Taylor, Knoxville, Tenn., for Service Machine Co.

Before PHILLIPS, Chief Judge, and EDWARDS and CELEBREZZE, Circuit Judges.

CELEBREZZE, Circuit Judge.

This appeal is of an order of the United States District Court for the Eastern District of Tennessee dismissing the Ap-

pellant's complaint. The District Court found the Appellant's claim for personal injuries, allegedly caused by a defective punch press sold to his employer by the Appellees, barred by the applicable Tennessee Statute of Limitations, Tenn. Code Ann. § 28–304 (1955). Jurisdiction is founded on diversity of citizenship.

The essential allegations of the complaint, which must be accepted as true for present purposes, are as follows. On February 7, 1966, the Appellant's employer purchased a high speed, 60-ton punch press for perforating metal plates to be used in electric heaters. About 18 months later, on August 17, 1967, the Appellant, as part of his job, was attempting to correct a malfunction in the press, which required him to position his left hand between the dies. The press had been stopped to allow the Appellant to perform these repairs, however, while the Appellant's hand was so positioned in the machine, a defect caused the press to activate, amputating the entire portion of the Appellant's left hand with the exception of his thumb. The Appellant alleges that at the time of the accident, the machine was in the use for which it was intended, but that it contained defects in design and manufacture which created an unreasonable risk of harm to those likely to use it.

Twenty-seven months after purchase of the machine by his employer, and nine months after the accident, on May 1, 1968, the Appellant instituted this action against the Appellees, the manufacturer and selling agent of the punch press. Upon motion, the District Court ordered the complaint dismissed, holding that under Jackson v. General Motors Corporation, Oldsmobile Division, 441 S.W.2d 482 (Tenn.1969), cert. den., 396 U.S. 942, 90 S.Ct. 376, 24 L.Ed.2d 243, the Appellant's cause of action "accrued," within the intendment of Tennessee's one-year Statute of Limitations, when his employer purchased the machine, that is, on February 7, 1966. Therefore, the District Court held, the Statute of Limitations ran against the Appellant six months before he was injured, and fifteen months before he filed his complaint. We reverse.

In a federal diversity action to recover upon a state-created right, jurisdiction being based solely upon diversity of citizenship of the parties, the state's Statute of Limitations applies. Guaranty Trust Company of N. Y. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The Statute of Limitations that applies in the instant case is Tenn.Code Ann. § 28–304 (1955), which provides:

> "Actions for libel, for injuries to the person, false imprisonment, malicious prosecution, criminal conversation, seduction, breach of marriage promise, and statutory penalties, shall be commenced within one (1) year after cause of action accrued."[1]

The latest Tennessee case applying section 28–304 was Jackson v. General Motors Corporation, Oldsmobile Division, *supra*, 441 S.W.2d 482.

In *Jackson*, the plaintiff purchased an automobile from the defendants in May of 1963. Some two-and-one-half years later, in November, 1965, the purchaser parked the car on her sloping driveway, set the hand brake, and got out of the car. After alighting from the car, the plaintiff walked behind it, the safety brake, which, allegedly, was defective, disengaged, the car rolled backwards down the driveway, striking the plaintiff and injuring her. It was alleged in the complaint that the defect which ultimately caused the injury was present in the automobile continuously from the date of sale. The action was commenced in November, 1966, approximately one year after the injury, and two

---

1. On May 20, 1969, section 28–304 was amended. The amendment, which was not retroactive, is quoted in note 3, *infra*.

three and one-half years after the sale of the car.[2]

The Tennessee Supreme Court held that the suit was barred by section 28–304 because the plaintiff's cause of action "accrued" at the date of sale of the car. In selling the plaintiff a defective automobile, the court reasoned, the defendants were committing a breach of contractual duty to the plaintiff on which she could sue immediately; her remedy, presumably, being repair of the defect, replacement, recission, restitution, etc. Since the plaintiff *could have sued* immediately at the time of the breach, *i. e.*, the time of sale, that is the time her cause of action "accrued."

> "The cause of action in this case was an alleged breach of contract and duty in respect to a contract of sale of an automobile. Under the allegations of the declaration, this breach occurred at the time of the sale, so that the cause of action accrued at that time and the statute of limitations began to run on it." 441 S.W.2d at 484.

Since the plaintiff did not sue within one year from the time her cause of action for defendants' breach of contract duty accrued, she was barred from suing thereafter, upon her personal injury, by the one-year statute.[3]

Presumably since the *Jackson* case was the Tennessee Supreme Court's most recent application of section 28–304, the District Court felt bound to apply it to the instant case. Thus, the District Court held that the statute began to run when the press was sold to the Appellant's employer. We believe that the *Jackson* case is distinguishable. For reasons which will be considered fully

below, in *Jackson*, the plaintiff's cause of action "accrued" on the date of sale of the automobile. In the instant case, the Appellant's cause of action did not "accrue" until he was injured; therefore, the statute could not begin to run before that date.

A cause of action accrues when a suit may be maintained upon it. Black's Law Dictionary 37 (4th ed. 1951). A suit may not be brought upon a cause of action until it exists, and a cause of action does not exist until all its elements coalesce. In civil actions for damages, two elements must coalesce before a cause of action can exist: (a) a breach of some legally recognized duty owed by the defendant to the plaintiff; (b) which causes the plaintiff some legally cognizable damage.

In *Jackson*, the Statute of Limitations ran from the date of sale because the Tennessee Supreme Court found that (a) a breach of duty, and (b) legally cognizable damage coalesced on that date. The breach of duty was a breach of contract: the defendant's failure to provide the plaintiff with an automobile free of defect, as he had promised. The legally significant damage: the plaintiff got less than he paid for, *i. e.*, he bargained and paid for an automobile free of defect, and he received a defective one. The cause of action, therefore, accrued at the date of sale.

In State, to Use of Cardin v. McClellan, 113 Tenn. 616, 85 S.W. 267 (Tenn.1904), the plaintiff sued a county official for his failure properly to register a conveyance made by the plaintiff. The six-year Statute of Limitations applied. Even though the breach of duty

2. It should be noted that the transactions involved in *Jackson* occurred prior to the effective date of the Uniform Commercial Code in Tennessee. *See* Tenn.Code Ann. § 47–2–725 (1963), effective, June 30, 1964. Layman v. Keller Ladders, Inc., 455 S.W.2d 594 (Tenn.1970).

3. In reaction to the *Jackson* decision, the Tennessee state legislature amended section 28–304 by adding the following two sentences:

> "For the purpose of this section, insofar as products liability cases are concerned, the cause of action for injury to the person shall accrue on the date of the personal injury not the date of the negligence or the sale of a product. The preceding sentence shall not apply to causes of action accruing prior to May 20, 1969." Tenn.Code Ann. § 28–304 (1969 Supp.).

occurred on the day the conveyance was presented for registration, the Supreme Court of Tennessee held that the cause of action did not accrue, within the intendment of the Statute of Limitations, until eight years later, because that was the first time legally cognizable damgage occurred. The statute began running, therefore, at the time of injury, not at the time of breach. *Cardin* is the oldest Tennessee case cited in *Jackson.*

In Bodne v. Austin, 156 Tenn. 353, 2 S.W.2d 100 (1928), also cited in *Jackson,* the one-year statute was held to apply to bar the plaintiff's suit against her dentist for malpractice. The court held that, regardless whether it was contractual or tortious in nature, the dentist breached his legal duty to her the day he carelessly and improperly extracted her teeth, and her damage (pain, failure to receive the services she paid for, etc.) ensued immediately. Therefore, the court held that her cause of action accrued, *i. e.,* she could have sued the defendant, the day of the extractions, and that the statute began to run that day against her.

In Albert v. Sherman, 167 Tenn. 133, 67 S.W.2d 140 (1934), also cited in *Jackson,* a dentist failed to remove the entire root of an extracted tooth. It was not for some 22 months that the plaintiff began to experience pain and swelling. Within a year thereafter she sued the dentist, her cause of action arising out of contract. The Tennessee Supreme Court held that since the breach occurred the day of the extraction, and since the plaintiff incurred damages for which she could have sued at that time, the fact that personal injuries were discovered 22 months later was irrelevant. She could have sued on the day the

tooth was improperly extracted, her cause of action accrued on that day, her failure to bring suit within one year barred her recovery.

"The statute begins to run when the cause of action accrues. Later injurious developments are merely elements of damage which may be recovered in the original cause of action. Such later developments attach themselves to the primary cause of action, and are not individual causes of action in themselves." 67 S.W.2d at 141-142.

It must be emphasized that in every Tennessee case in which the Tennessee Supreme Court held the statute to run from the date of the breach of legal duty, there was also, on that date, *some* legally cognizable damage, for which the plaintiff could have recovered. The fact that the legally cognizable damage was latent on the date of the breach has been deemed irrelevant, so long as it was there. In *Jackson,* the plaintiff alleged that the defect was present the *day* she bought the car. In *Bodne* and *Albert* the damage was caused the day of the extractions, and suit could immediately have been maintained to correct the faulty dental work. In State, to Use of Cardin v. McClellan, *supra,* on the other hand, there was no legally cognizable damage until eight years after the defendant's breach of legal duty; therefore, the Statute of Limitations was held to run from the date of damage, *i. e.,* the first time (a) a breach of duty, and (b) legally cognizable damage coexisted.

In the instant case, unlike *Jackson,* the Appellant had no legally cognizable damage, therefore no cause of action against the Appellee, until his hand was severed by the punch press.[4] He had no

4. The Appellant's employer, on the other hand, did have a cause of action on the date of sale of the punch press. The Appellees' breach of duty to the Appellant's employer was in the nature of breach of contract, for failure to deliver a safe product, Jackson v. General Motors Corp., *supra; see also,* Tenn.Code Ann. §§ 47-2-313, 47-2-314; 47-2-315,

47-2-715 (1963), and the Appellant's employer's damage was in receiving less than he paid for. Jackson v. General Motors Corp., *supra.* If the facts of the instant case were identical, with the sole exception that the Appellant's employer was the plaintiff below, this case would have fallen squarely into the *Jackson* doctrine, provided Layman v. Keller

cause of action arising out of contract, because there was no contract between the Appellant and the Appellee. Moreover, under Tennessee law, the Appellant was not the third party beneficiary of any warranties or contract rights, because he was not in privity with the seller of the press. Tenn.Code Ann. § 47–2–318 (1963).

The Appellant did not have a cause of action in tort until he sustained his injury. Actual damage is an indispensable element of any tort action he could have maintained. There was no damage to the Appellant on the date of the sale of the machine to his employer. Thus, the first date the Appellant could have maintained a cause of action in tort was when his hand was severed. That was also the date his cause of action accrued. The Statute of Limitations could not, therefore, have begun to run against him before that time. Since the Appellant brought his action within a year from the date when that action could first have been maintained, he is not barred by Section 28–304.

Hackworth v. Ralston Purina Company, 214 Tenn. 506, 381 S.W.2d 292 (Tenn.1964), regarded by the *Jackson* court as "the most eloquent and forceful statement of the purpose of statutes of limitation yet written," 441 S.W.2d at 484, stated that the purpose of a Statute of Limitations is "to compel the exercise of a right of action within a reasonable time." 381 S.W.2d at 294. The Appellant in the instant case had no "right of action" until 18 months after the machine was sold to his employer. To apply the Jackson accrual-at-time-of-sale rule to the facts of the instant case would "compel the exercise of a right of action" before that right existed. This result would be inimical to the purpose of the statute. *See* Vason v. Nickey, 438 F.2d 242 (6th Cir. 1971). *See also* Barnes v. Sears, Roebuck & Company, 406 F.2d 859 (4th Cir. 1969). We need not decide, in view of our disposition of

this case, whether the *Jackson* rule could constitutionally have been applied. *See* In re Brown, 135 U.S. 662, 701, 708, 10 S.Ct. 972, 984, 34 L.Ed. 304 (1890); Edwards v. Kearzey, 96 U.S. 595, 603, 24 L.Ed. 793 (1877); Dincher v. Marlin Firearms Company, 198 F.2d 821, 823–828 (2d Cir. 1952) (Dissenting opinion of Frank, Circuit Judge); Lamb v. Powder River Live Stock Company, 132 F. 434 (8th Cir. 1904). *Cf.* Wilson v. Iseminger, 185 U.S. 55, 63, 22 S.Ct. 573, 46 L.Ed. 804 (1902).

Reversed and remanded.

Ladders, Inc., 455 S.W.2d 594 (Tenn. 1970) were not deemed retroactively to

have changed the law with respect to buyers.