WILLIAM B. DEMONTBREUN,                )
                                       )
        Plaintiff/Appellant,           )
                                       )        Robertson Chancery
                                       )        No.  11799
VS.                                    )
                                       )        Appeal No.
                                       )        01-A-01-9411-CH-00550
FIRST CUMBERLAND BANK AND              )
G. WAYNE DETRING, Substitute Trustee, )
                                       )
        Defendants/Appellees.          )

**FILED**

**May 5, 1995**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

IN THE COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE CHANCERY COURT OF ROBERTSON COUNTY

AT SPRINGFIELD, TENNESSEE


HONORABLE JAMES E. WALTON, JUDGE

ALAN MARK TURK
200 Fourth Avenue, North
Suite 820
Nashville, Tennessee  37219
ATTORNEY FOR PLAINTIFF/APPELLANT


G. WAYNE DETRING
177 East Main Street
Hendersonville, Tennessee  37075
ATTORNEY FOR DEFENDANTS/APPELLEES


AFFIRMED AND REMANDED

                              HENRY F. TODD
                              PRESIDING JUDGE, MIDDLE SECTION

CONCUR:
BEN H. CANTRELL, JUDGE
CORNELIA A. CLARK, SPECIAL JUDGE

WILLIAM B. DEMONTBREUN,     )
            )
     Plaintiff/Appellant,     )
            )     Robertson Chancery
            )     No. 11799
VS.            )
            )     Appeal No.
            )     01-A-01-9411-CH-00550
FIRST CUMBERLAND BANK AND     )
G. WAYNE DETRING, Substitute Trustee, )
            )
     Defendants/Appellees.     )

O P I N I O N

The captioned plaintiff has appealed from a jury verdict and judgment in his favor and against the defendant, First Cumberland Bank for $4,600 as damages for breach of contract.

No judgment was entered against the other defendant, G. Wayne Detring, who has no interest in this appeal except as counsel of record for First Cumberland Bank, which will hereafter be referred to as the defendant.

Plaintiff presents for review the following issues:

> 1. That the Trial Court erred in failing to instruct the jury that recklessness had to be proven by clear and convincing evidence and also erred in directing a verdict on the issue of punitive damages.

> 2. That the Trial Court erred when it excluded admissible evidence as to recoverable compensatory damages.

Plaintiff's brief contains no "Statement of the Case" as required by T.R.A.P. Rule 27(a)(5). This is understandable but not excusable when the technical record is composed of four volumes containing 487 pages.

On December 6, 1991, plaintiff filed his complaint alleging:

1. On September 28, 1989, plaintiff executed a deed of trust to secure an "Equity Line of Credit" extended to plaintiff by defendant.

2. During the following year, plaintiff paid more than the agreed installments due on the debt.

3. In November, 1990, the president of defendant promised that he would be allowed the full term of 60 months for payment of the debt.

4. Two days later, defendant began foreclosure by notice of a sale on December 12, 1990.

5. Foreclosure was prevented by a bankruptcy petition which was dismissed in September, 1991.

6. On November 6, 1991, defendant caused the publication of a notice of foreclosure sale on December 11, 1991.

The complaint sought a restraining order, injunction, damages for wrongful initiation of foreclosure "and its breach of its implied covenant and fair dealing," and a jury trial.

The Trial Judge denied the requested restraining order, but ordered:

> [T]hat the defendants may convey the property only to First Cumberland Bank, the beneficiary of the Deed of Trust, and the defendants shall not convey the property to any other party; it is, further,
> Ordered that the property and any conveyance thereof, including to First Cumberland Bank, shall be subject to further orders of this Court or the final decision in this cause.

The property was sold and conveyed to defendant.

On July 15, 1992, the Trial Court entered an order excluding recovery of damages for loss of reputation, embarrassment or humiliation, or for loss of contract to sell adjacent property.

On October 6, 1993, plaintiff was allowed to amend his complaint to assert reckless, malicious and intentional acts of defendant in breach of contract and "covenant of good faith and fair dealing" and to pray for compensatory and punitive damages.

On January 3, 1994, the Trial Judge entered an order bifurcating the trial of the case, the first trial to be limited to the issue of plaintiff's default in payment of his debt to defendant. At a trial on April 18 and 19, 1994, the jury found that plaintiff was not in default. After completion of the second trial, the jury reported a verdict in favor of plaintiff for "expenses related to bankruptcy, $2,800.00, loss of income $1,800.00." Judgment was rendered for $4,600.00.

*-First Issue: Punitive Damages-*

Plaintiff filed no motion for a new trial. Accordingly, plaintiff's complaint of failure to instruct the jury on punitive damages cannot be considered on appeal. T.R.A.P. Rule 3(e).

The issue of granting a directed verdict may be considered on appeal despite the failure to move for a new trial. T.R.C.P. Rule 50.05.

An action for "breach of obligation of good faith" is not a tort action, but an action for breach of contract. *Solomon & Sands v. First American National Bank of Nashville,* Tenn. App. 1989, 774 S.W.2d 939.

This Court agrees with the Trial Judge that this is essentially an action for breach of contract. It is a general rule that punitive damages are not allowed in cases founded on breach of contract. *Bland v. Smith,* 197 Tenn. 683, 277 S.W.2d 377, 49 A.L.R.2d 1212 (1955); *B.F. Myers & Son of Goodlettsville v. Evans,* Tenn. App. 1980, 612 S.W.2d 912.

No ground of reversal is found in plaintiff's first issue.

*-Second Issue: Exclusion of Evidence-*

Plaintiff complains of an order entered on July 15, 1992, which contains the following:

ORDERED that pursuant to the statement and agreement of counsel for the plaintiff, the plaintiff's alleged damages do not include any damage or loss to his personal reputation or for embarrassment, humiliation, or similar personal loss, so that any facts or allegations regarding the plaintiff's personal reputation or embarrassment, humiliation, or similar personal loss or damage, are not relevant, and not subject to discovery, except to the extent that these facts or allegations may relate to any loss of income by the plaintiff; [emphasis added] and it is, therefore, ordered that the plaintiff's objection to defendant's interrogatory #7 is well taken, and the plaintiff shall not be required to respond to this interrogatory, except to state the details of any criminal convictions which would be admissible for impeachment purposes pursuant to the Rules of Evidence. (R. Vol. I, p.106)

The second issue does not mention a protective order granted under T.R.C.P. Rule 26.03, but only the exclusion of evidence. No part of the record is cited or found where the Trial Court excluded the evidence mentioned or where such evidence was tendered. Moreover, exclusion of evidence is included in T.R.A.P. 3(e) which requires a motion for new trial to obtain appellate review.

Plaintiff complains of the refusal of the Trial Judge to instruct the jury on recoverable damages as requested by plaintiff, and a requested interrogatory to the jury regarding "expenses related to bankruptcy" and loss of income. Neither of these complaints can be considered on appeal without a motion for new trial.

Plaintiff complains of a pre-trial ruling denying plaintiff's motion to be allowed to introduce evidence of various elements of damage. This is an "exclusion of evidence" included in T.R.A.P. Rule 3(E), and cannot be considered on appeal without a motion for new trial.

It is regrettable that plaintiff's failure to preserve his exceptions by motion for new trial has largely prevented review of his complaints. However, in the view of this Court, justice has not been defeated.

From the allegations of the complaint, it is evident that plaintiff complains of two distinct wrongs:

1. The first notice of foreclosure which allegedly necessitated a petition for bankruptcy causing the postponement of the foreclosure until the dismissal of the bankruptcy. The evidence showed that there was a bona fide dispute as to whether the secured debt was in default at the time of the first attempted foreclosure, but the jury resolved this issue in favor of the plaintiff and awarded damages for this unjustified attempt to foreclose.

2. The second foreclosure was initiated one year later during which additional installments of the secured debt became due. Defendant's evidence showed that, on the date of the second foreclosure notice, the secured debt was in default. The original complaint alleges the renewed effort to foreclose, but does not deny that the debt was in default at that time. The verbatim allegations of the original complaint in this regard are as follows:

> 16. The wrongful actions of the Bank and through its agents have damaged DeMontbreun and now, because the Bank has again initiated foreclosure proceedings, DeMontbreun will suffer immediate and irreparable injury, loss or damage should the foreclosure sale not be enjoined. A copy of the Substitute Trustee's Notice of Sale is attached as Exhibit 5.
>
> 17. Specifically, DeMontbreun alleges that the farm has the fair market value of $120,000. In support hereof, DeMontbreun, less than one month ago, was given a verbal offer of $40,000 for tracts 2 and 5 only. Upon information and belief, the total claim of the Bank, even including all of its foreclosure expenses and attorney's fees, including those associated with DeMontbreun's bankruptcy, to which DeMontbreun denies the Bank is entitled, does not exceed $45,000.
>
> 18. For these reasons, DeMontbreun alleges that issuance of a temporary restraining order and, then, a temporary injunction enjoining the Bank from foreclosing on the farm will not cause undue inconvenience or loss to the Bank but will prevent irreparable injury, loss or damage to DeMontbreun, including the loss of his farm and the substantial equity in the same.

In respect to the second foreclosure, the amended complaint restates the paragraphs of the original complaint stated above and adds three new paragraphs, all of which read as follows:

Amended Paragraph 16.  The intentional, malicious, reckless and wrongful actions of the Bank and through its agents have damaged DeMontbreun and now, because the Bank has again initiated foreclosure proceedings, DeMontbreun will suffer immediate and irreparable injury, loss or damage should the foreclosure sale not be enjoined.  A copy of the Substitute Trustee's Notice of Sale is attached as Exhibit 5.

19.  Since December 11, 1991, the Bank has continued its intentional, malicious, reckless and wrongful conduct toward DeMontbreun and has continued to breach its covenant of good faith and fair dealing in its contract and relationship with DeMontbreun by refusing to allow reasonable restrictive covenants to be placed on the farm so adjacent property could be sold and by refusing to allow him receipt of proceeds from a subsequent auction sale of his property.  DeMontbreun alleges that these actions of the Bank, which began with the Bank's initial, wrongful attempt at foreclosure have caused further damage to DeMontbreun as below described.

20.  All of said actions of the Bank constitute an intentional, malicious, reckless and wrongful attempt by the Bank to wrongfully dispossess DeMontbreun of  his farm and/or change its contract with him to his detriment and to its benefit.

21.  All of said actions of the Bank were done either intentionally, maliciously, or recklessly, and for such punitive damages should be awarded to plaintiff as the proof may dictate.

In neither original nor amended complaint has plaintiff alleged that the second foreclosure was initiated or carried out without a default in payment of the secured debt.

The Statement of Facts in plaintiff's brief contains no allegation that the second foreclosure was initiated or carried out without default.  It must be presumed that no evidence was introduced that the debt was not in default when the second foreclosure occurred, and that there was no evidence to support a verdict to that effect.

Accordingly, it must be concluded that the first issue presented to the jury and its first verdict related only to the lack of default at the time of the first attempted foreclosure, for which damages were assessed.

No evidence is cited or found to support a verdict of liability for the second, completed, foreclosure.

-8-

Thus, it appears that plaintiff has received his just desserts and deserves no more.

Defendant's application for finding of frivolous appeal is denied.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against the appellant. The cause is remanded to the Trial Court for any further proceedings which may be necessary and appropriate.

Affirmed and Remanded.

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:


_____
BEN H. CANTRELL, JUDGE


_____
CORNELIA A. CLARK, SPECIAL JUDGE

## IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

**FILED**

**May 5, 1995**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

WILLIAM B. DEMONTBREUN,     )
                                  )

      Plaintiff/Appellant,      )
                                  )      Robertson Chancery
                                  )      No.  11799

VS.                             )
                                  )      Appeal No.
                                  )      01-A-01-9411-CH-00550

FIRST CUMBERLAND BANK AND     )
G. WAYNE DETRING, Substitute Trustee, )
                                  )

      Defendants/Appellees.     )

## O R D E R

The opinion filed on May 5, 1995, in the above referenced case is hereby withdrawn,

and a substitute opinion filed contemporaneously with this order is substituted therefor.

ENTER _____

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

_____
BEN H. CANTRELL, JUDGE

_____
CORNELIA A. CLARK, SPECIAL JUDGE