**STATE of Tennessee, Appellee,**

v.

**Wendell Everette MULLINS, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Oct. 26, 1988.

Permission to Appeal Denied by Supreme Court March 13, 1989.

Wendell Everette Mullins, Nashville, pro se.

W.J. Michael Cody, Atty. Gen. & Reporter, James W. Milam, Asst. Atty. Gen., Nashville, James F. Pryor, Asst. Dist. Atty. Gen., Greeneville, for appellee.

## OPINION

DWYER, Judge.

This is an appeal by Wendell Everette Mullins from the Greene County Criminal Court's dismissal of his *pro se* petition for post-conviction relief. The record reveals that on January 12, 1977, petitioner was convicted of third-degree burglary in the Greene County Criminal Court. He was also found to be an habitual criminal. Appellant received a sentence of life imprison-

ment in the Department of Correction. The conviction was affirmed by the Court of Criminal Appeals on April 20, 1978 and the Tennessee Supreme Court subsequently denied petitioner's application for permission to appeal.

Petitioner initiated this, his third post-conviction proceeding, on September 4, 1987. The *pro se* petition was dismissed on September 15, 1987 without the appointment of counsel or an evidentiary hearing. In dismissing the petition, the trial court found that the matter was time barred and that "all matters therein had been previously determined or waived." Petitioner now complains that the trial court erred in summarily dismissing this petition.

The State argues that the petition should be dismissed because petitioner was late in filing his notice of appeal as required by Rule 4(a), Tenn.R.App.P., and because the matter is time barred pursuant T.C.A. § 40–30–102. We are not in accord with the reasoning of the State.

■ We will agree with the State's contention that petitioner has failed to timely file his notice of appeal in this matter. However, in view of the action taken by this Court no prejudice has accrued to the State, and in the interest of justice, the untimely filing is waived.

■ We cannot agree with the trial court's finding that the instant petition is time barred. Although a three-year statute of limitation has been imposed upon post-conviction proceedings pursuant T.C.A. § 40–30–102, this Court has held that the statute does not commence running until the date of its enactment. *Abston v. State*, 749 S.W.2d 487 (Tenn.Crim. App.1988).

■ As to the trial court's finding that the issues raised in this petition have either been previously determined or waived, such is not supported by the record. While it is not the prerogative of this Court to second-guess the trial court in its conclusions, it is this Court's duty to determine that the evidence supports the trial court's findings. This record is devoid of any prior post-con-

viction proceeding of the appellant that would confirm the trial court's determination that appellant's issues have been previously determined or have been waived. T.C.A. § 40–30–114(b) commands that if the petition does not include the records or transcripts that are material to the questions raised therein, the District Attorney General is empowered to obtain them at the expense of the State and shall file them with the responsive pleading. In the case *sub judice*, such was not done.

Assuming, *arguendo*, that the *pro se* petition was insufficient as a matter of law, then rectification could have been obtained with the appointment of counsel and the filing of an amended petition pursuant T.C.A. § 40–30–107. Further, the dismissal here falls far short of the commands found in T.C.A. § 40–30–109(a)(1). Moreover, as stated in T.C.A. § 40–30–112(a), "a ground for relief is 'previously determined' if a court of competent jurisdiction has ruled on the merits after a full and fair hearing."

The issue of the *pro se* appellant that his petition was summarily dismissed has merit and is sustained. Accordingly, the judgment of the trial court is reversed with remand consistent with this holding.

DUNCAN, P.J., and JAMES C. BEASLEY, Special Judge, concur.