**Michael L. HARDEN, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Knoxville.

July 29, 1993.

Permission to Appeal Denied by Supreme Court Nov. 1, 1993.

John D. Parker, Jr., Kingsport, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, Clinton J. Morgan, Asst. Atty. Gen., Nashville, David Crockett, Dist. Atty. Gen., Johnson City, for appellee.

## OPINION

PEAY, Judge.

The petitioner was convicted on April 8, 1986, of first degree murder and sentenced to life imprisonment. His conviction was affirmed by the Court of Criminal Appeals on July 1, 1987, and permission to appeal to the Tennessee Supreme Court was denied November 30, 1987. He subsequently filed a petition for post-conviction relief in Sullivan County. A hearing was held and relief denied on August 9, 1990. The petitioner filed the current pro se petition on October 30, 1992; however, the trial judge dismissed the petition because it was barred by the three year statute of limitations. *See* T.C.A. § 40–30–102.

Through this appeal as of right, the petitioner contends that the trial court erred in dismissing his petition. We disagree and affirm the lower court's decision.

■ T.C.A. § 40–30–102 clearly states that:

A prisoner in custody under sentence of a court of this state must petition for post-conviction relief under this chapter within three (3) years of the date of the final action of the highest appellate court to which an appeal is taken or consideration of such petition shall be barred.

In contesting the dismissal, the petitioner relies heavily on the precedent in *Swanson v. State,* 749 S.W.2d 731, 736 (Tenn.1988), that a pro se petition is not to be held to the standards of a petition drafted by a lawyer. Acknowledging the fact that *Swanson* is limited to the drafting and contents of a petition for post-conviction relief, the petitioner avers that the analogy to a statute of limitations problem is the same. Clearly such an analogy is inappropriate.

Summary dismissal of a post-conviction petition filed beyond the three (3) year statute of limitations has been affirmed on numerous occasions. *See, e.g., Bennie Cooksey, Jr., v. State,* No. 42, Davidson County, 1992 WL 186547 (Tenn.Crim.App. filed August 6, 1992, at Nashville); *Henry Outlaw v. State,* No. 348, Hamilton County, 1992 WL 158968 (Tenn.Crim.App. filed July 10, 1992, at Knoxville), *Thomas Bradford Gray v. State,* No. 234, Blount County, 1992 WL 19276 (Tenn. Crim.App. filed February 7, 1992, at Knoxville). Clearly the petitioner cannot abandon all conventions of the law simply because he is not a lawyer.

■ Statutes of limitation are looked upon with favor to manage and control the judicial causes of action. *See, e.g., Applewhite v. Memphis State University,* 495 S.W.2d 190, 195 (Tenn.1973); *Hackworth v. Ralston Purina Co.,* 214 Tenn. 506, 381 S.W.2d 292, 294 (1964). They are designed to prevent undue

delay in bringing claims. In 1986 the legislature revised the 1967 Post-conviction Procedure Act which had no time bar for the filing of petitions. The 1986 Act established a three year statute of limitations. The petitioner's argument that this Court should create an exception to the well established rule simply because he is not a lawyer is unconvincing.

■ The petitioner's second argument is likewise without merit. He asserts that even if the statute has run, there is no prejudice to the State, and, thus, his late filing should be waived. Essentially this argument is the same as his first argument: the statute of limitations should not apply to him.

The petitioner relies on the case of *State v. Mullins*, 767 S.W.2d 668 (Tenn.Crim.App. 1988), in support of this proposition. In *Mullins* the Court found that the petitioner's third pro se petition for post-conviction relief was not time barred even though it was filed nearly ten years after the petitioner had exhausted his final direct appeal. The critical distinction between *Mullins* and the case at bar is that in *Mullins* the statute began to run from its enactment in 1986 making the petition, filed in 1987, well within the three year limit. Given the fact that the current petition was filed nearly two years after the statute of limitations had run, *Mullins* fails to support the petitioner's claim and is, thus, distinguishable.

■ In the alternative the petitioner argues that the statute of limitations should not have begun to run until the denial of his first pro se post-conviction appeal by the Tennessee Supreme Court on February 3, 1992. We find this argument equally unconvincing.

Clearly T.C.A. § 40–30–102 expresses the legislature's intent to limit the time within which post-conviction relief may be sought. The governmental interest in this statute is in preventing the litigation of stale and groundless claims. *Burford v. State*, 845 S.W.2d 204, 207 (Tenn.1992).

The practical effect of the petitioner's argument is to create an unlimited period of time in which to file an appeal. He could file an endless string of post-conviction petitions resulting in exactly the kind of burden on finality and judicial economy which the legislature sought to end. Such a ruling would render the spirit and letter of the law useless, effectively eliminating the statute of limitations for post-conviction relief altogether.

Additionally, a decision in favor of the petitioner would fail to encourage petitioners to bring all claims at one time. The act clearly does not contemplate a series of petitions, rather it contemplates all-inclusive petitions. *See Recor v. State*, 489 S.W.2d 64 (Tenn.1972). Not only would such a decision impede the efficiency of justice, it would also leave many cases unresolved, two concerns which obviously weighed heavily on the legislature's decision to incorporate the statute of limitations. As the Court in *Arthur v. State*, 483 S.W.2d 95, 97 (Tenn.1972), so keenly observed: "There must be a finality to all litigation, criminal as well as civil. Defendants to criminal prosecution, like parties to civil suits, should be bound by the judgments therein entered. When they fail to make timely objection to errors of the courts ... they must not be allowed at later times of their own choosing ... to assert those grounds in post-conviction actions." While *Arthur* dealt with the failure to object at trial, we find the same rationale applicable here.

The three year statute of limitations began to run on November 30, 1987, when the petitioner's direct appeal was denied by the Tennessee Supreme Court. As the current petition was filed on October 30, 1992, almost two years after the statutory period had run, his claim for post-conviction relief is barred.

Because we find the petitioner's arguments to be without merit, the trial court's judgment is affirmed.

WADE, J., and WILLIAM S. RUSSELL, Special Judge, concur.