52 F.3d 325
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Vance McCASLIN, Petitioner-Appellant,
v.
Harwell HATFIELD, et al., Warden, Respondents-Appellees.
 No. 94-5673.
 United States Court of Appeals, Sixth Circuit.
 April 11, 1995.
 
 Before: BROWN, NORRIS and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner Vance McCaslin appeals the district court's judgment dismissing his petition for habeas corpus relief as barred by procedural default. We AFFIRM.
 
 I.
 
 2
 McCaslin was convicted of rape and aggravated kidnapping in 1981. He appealed to the Tennessee Court of Criminal Appeals, which affirmed the conviction but vacated the sentence. On remand, petitioner was resentenced, to serve 40 years and 1 day for the offense of aggravated kidnapping and 60 years, 11 months and 29 days for the aggravated rape conviction. The Tennessee Court of Criminal Appeals affirmed the sentences and the Tennessee Supreme Court denied permission to appeal.
 
 
 3
 In July 1990, McCaslin filed the instant petition for writ of habeas corpus. The amended petition asserts ten claims, none of which were raised in state court on federal constitutional grounds. The matter was referred to a magistrate judge, who recommended dismissal on the grounds that petitioner had procedurally defaulted on his claims. The district court adopted that recommendation, and entered judgment on February 22, 1994. McCaslin filed a notice of appeal on March 28, 1994, and a certificate of probable cause was granted on June 16, 1994.
 
 II.
 
 4
 The district court held that because petitioner had procedurally defaulted in state court on his claims, and failed to show "cause" and "prejudice," he was not entitled to relief. Petitioner concedes that he did not seek postconviction relief within the time prescribed by Tenn.Code Ann. Sec. 40-30-102 (1990),[1] but argues that his claims nonetheless are not procedurally barred under Tennessee law because the waiver wasn't knowing and intelligent. Petitioner also claims that he has "cause" for his default because state-employed inmate law clerks interfered with his ability to raise the claims in state court. McCaslin states that he was unable to obtain any competent inmate to assist him in his case until after the statute of limitations had run, and that he lacked sufficient understanding of the law to prepare the petition himself. Additionally, McCaslin claims that in early 1989, he gave his legal documents to a state-paid inmate law clerk, who "kept his papers throughout 1989 and did nothing."
 
 
 5
 We review the district court's refusal to grant a habeas petition de novo. Carter v. Sowders, 5 F.3d 975, 978 (6th Cir.1993), cert. denied, 114 S.Ct. 1867 (1994).
 
 A.
 
 6
 McCaslin argues that, despite the three-year statute of limitations contained in Sec. 40-30-102, a "reasonable possibility exists" that the Tennessee courts would apply an exception to its procedural default rule. See Brewer v. Dahlberg, 942 F.2d 328, 340 (6th Cir.1991) (if any uncertainty exists whether state courts will consider petitioner's habeas claim on merits, federal court should not decide resort to state courts would be futile). That is, because his waiver of constitutional grounds was not "knowing and intelligent," but rather attributable to the interference of state inmate law clerks, no Tennessee court would hold that he knowingly waived any claim under Tennessee law. As McCaslin acknowledges, this issue is identical to, and therefore controlled by, our recent decision in Hannah v. Conley, --- F.3d ----, No. 93-5793, 1995 WL 126310 (6th Cir. March 27, 1995) (per curiam) holding that there is no uncertainty as to whether Tennessee courts would apply the "mandatory" bar of Sec. 40-30-102 to an untimely petition for postconviction relief.[2] Furthermore, Sec. 40-30-102 is enforced by the Tennessee courts, see, e.g., Burford v. State, 845 S.W.2d 204, 208 (Tenn.1992) ("Tenn.Code Ann. Sec. 40-30-102 complies with the due process requirements of the U.S. and Tennessee Constitutions"); Harden v. State, 873 S.W.2d 2, 3 (Tenn.Crim.App.1993) (and citations therein), appeal denied, (Tenn. Nov. 1, 1993), even when the petitioner proceeds pro se. Harden, 873 S.W.2d at 3. Requiring petitioner to exhaust his state remedies would therefore be futile.
 
 B.
 
 7
 Because McCaslin is procedurally barred from presenting his claims to the state courts, he has waived those claims for federal habeas purposes unless he can demonstrate cause for the default and actual prejudice. Coleman v. Thompson, 501 U.S. 722, 749-50 (1991); Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Rust v. Zent, 17 F.3d 155, 160 (6th Cir.1994). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). The Supreme Court has noted that "a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials, made compliance impracticable, would constitute cause under this standard." Id. (internal quotations and citations omitted). Ineffective assistance of postconviction counsel does not constitute "cause," because there is no constitutional right to counsel in postconviction proceedings. Coleman, 501 U.S. at 752-53.
 
 
 8
 McCaslin argues that because the state pays inmates to act as law clerks, their actions are attributable to the state and constitute "official interference" if adverse to petitioners. We disagree. No constitutional right is implicated even if the state provides assistance of counsel for postconviction proceedings. Pennsylvania v. Finley, 481 U.S. 551, 559 (1987); Wise v. Williams, 982 F.2d 142, 145 (4th Cir.1992), cert. denied, 113 S.Ct. 2940 (1993). Thus, any state-paid law clerks' inaction or refusal to assist McCaslin cannot constitute cause.
 
 
 9
 McCaslin also argues that one of the inmate law clerks, Ronnie Barber, agreed to assist McCaslin with his legal work, took his papers, did nothing, and did not return the documents until after the state postconviction appeal period had expired. Assuming that Barber could be characterized as a state actor (although he is more accurately in the posture of counsel whose conduct is within the purview of Coleman ), McCaslin has nonetheless failed to allege official interference external to the defense because there are no allegations that McCaslin requested or otherwise sought return of his documents from Barber and that Barber refused the request. (See Aff. of McCaslin, J.A. at 112-14.)[3]
 
 
 10
 Finally, McCaslin's generalized assertions that he could not understand law books do not save his claims because there also are not "external to his defense." See Hull v. Freeman, 991 F.2d 86, 91 (3d Cir.1993) (and citations therein). As McCaslin has failed to show "cause," and makes no claim of "actual innocence," our review is at an end. See Rust, 17 F.3d at 162.
 
 
 11
 For all the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Tenn.Code Ann. Sec. 40-30-102 (Michie 1990) provides that a state prisoner "must petition for post-conviction relief under this chapter within three (3) years of the date of the final action of the highest appellate court to which an appeal is taken or consideration of such petition shall be barred." In addition, the Tennessee Court of Criminal Appeals has held that the three-year limitation, effective July 1, 1986, applies prospectively only; therefore the statute of limitations expires three years from the date of the last appellate court ruling or three years from July 1, 1986, whichever is later. Abston v. State, 749 S.W.2d 487 (Tenn.Crim.App.1988); see also Burford v. State, 845 S.W.2d 204, 210 (Tenn.1992) (Daughtrey, J., concurring)
 
 
 [2]
 The exception to this rule, recognized in Burford, 845 S.W.2d 204, is inapplicable here
 
 
 [3]
 The cases cited by McCaslin in support of his "official interference" claim are inapposite