IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

DECEMBER 1995 SESSION

FILED

March 12, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| HAROLD V. SMITH, | * | C.C.A. #03C01-9506-CR-00168 |
| APPELLANT, | * | HAWKINS COUNTY |
| VS. | * | Hon. James E. Beckner, Judge |
| STATE OF TENNESSEE, | * | (Post-Conviction) |
| APPELLEE. | * | |

For the Appellant:

Harold V. Smith
Pro Se
P.O. Box 500
Northeast Correction Center
Mountain City, TN 37683

For the Appellee:

Charles W. Burson
Attorney General and Reporter
450 James Robertson Parkway
Nashville, TN 37243-0493

Clinton J. Morgan
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

C. Berkeley Bell Jr.
District Attorney General

John Douglas Godbee
Asst. District Attorney General
Hawkins County Courthouse
Rogersville, TN 37857

OPINION FILED:_____

AFFIRMED

William M. Barker, Judge

**OPINION**

The appellant, Harold V. Smith, appeals from the Hawkins County Criminal Court's judgment summarily dismissing his petition for post-conviction relief. The trial court dismissed the petition on May 17, 1995, without appointing counsel or holding an evidentiary hearing. The court found that the petition was barred by the statute of limitations[1] and that the issues had been previously determined. After a review of the record and applicable authority, we affirm the judgment.

The petition was filed on April 12, 1995, and the State filed an answer to the petition on May 15, 1995. According to the petition, the appellant was convicted of several counts of armed robbery and adjudged a habitual criminal on July 15, 1981. Our court affirmed the judgment. State v. Harold Vernon Smith, No. 55 (Tenn. Crim. App., June 11, 1982, Knoxville). The Tennessee Supreme Court denied the appellant's application for permission to appeal on September 7, 1982. A long line of lawsuits requesting collateral relief from the habitual criminal conviction and the underlying convictions followed. See, e.g., Smith v. State, 814 S.W.2d 45 (Tenn. 1991); Smith v. State, 757 S.W.2d 683 (Tenn. Crim. App. 1988); Harold V. Smith v. State, No. 03C01-9312-CR-00393 (Tenn. Crim. App., July 1, 1994, Knoxville); Harold V. Smith v. State, No. 95 (Tenn. Crim. App., June 25, 1987, Knoxville).

In this petition, the appellant alleged that his "enhanced punishment [as] an habitual criminal is invalid because it does not comport with the statutory prerequisites with respect to prior felony convictions." The appellant cites Beechum v.

_____

[1] The Post-Conviction Procedure Act governing this suit contained a three year statute of limitations. Tenn. Code Ann. §40-30-102 (1990 Repl.). This provision, along with the remainder of the Act, was repealed by Acts 1995, ch. 207 §1. See Tenn. Code Ann. §40-30-201 et seq. (1995 Supp.). The new Post-Conviction Procedure Act contains a one year statute of limitations. Tenn. Code Ann. §40-30-202(a)(1995 Supp.).

United States, ___ U.S. ___, 114 S.Ct. 1669, 128 L.Ed.2d 383 (1994), and argues that the suit is not time barred because Beechum was not available as a ground for relief until it was decided on May 16, 1994. On appeal, he maintains that he is entitled to relief under Beechum. He also complains that the trial judge and the State failed to comply with the statutory requirements of the Post-Conviction Procedures Act.

We disagree. In Beechum v. United States, supra, the United States Supreme Court interpreted 18 U.S.C. §921(a)(20), a statute dealing with the definition of a "conviction" for purposes of the federal firearms statute. Id. at 1671. The defendants had claimed that prior federal convictions could not be used against them because their civil rights had been restored pursuant to state law. The court held as a matter of federal statutory interpretion that a restoration of civil rights for federal felons must be pursuant to federal law. Id. In sum, Beechum does not afford any relief to the appellant. See Dewey Scott Frazier v. State, No. 03C01-9505-CR-00142 (Tenn. Crim. App., Feb. 8, 1995, Knoxville). It follows that it also does not serve as a basis for exempting this case from the statute of limitations. Id.

This petition was clearly barred by the three year statute of limitations, and it was subject to summary dismissal. See Hardin v. State, 873 S.W.2d 2, 3 (Tenn. Crim. App. 1993). The appellant's contentions that the trial judge should have appointed counsel, conducted a hearing, and entered detailed findings of fact and law are without merit. Likewise, because the grounds in the petition were conclusively incorrect, the appellant was not harmed by the State's apparent failure to serve the appellant with a copy of its answer to the petition. See, e.g., Givens v. State, 702 S.W.2d 578, 579 (Tenn. Crim. App. 1985); Tonia Lee Davenport v. State, No. 02C01-9307-CC-00151 (Tenn. Crim. App., Feb. 8, 1995, Jackson).

_____
William M. Barker, Judge

_____
David G. Hayes, Judge

_____
Jerry L. Smith, Judge