# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JUNE SESSION, 1997

FILED

July 28, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| WALTER E. INGRAM, | ) | C.C.A. NO. 02C01-9608-CR-00258 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. JAMES C. BEASLEY, JR. |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

## ON APPEAL FROM THE JUDGMENT OF THE CRIMINAL COURT OF SHELBY COUNTY

FOR THE APPELLANT:

WALTER E. INGRAM, PRO SE
P.O. Box 1050
Henning, TN 38041

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

CLINTON J. MORGAN
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

JOHN W. PIEROTTI
District Attorney General

LEE V. COFFEE
Assistant District Attorney General
Criminal Justice Complex, Suite 301
201 Poplar Street
Memphis, TN 38103

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Petitioner, Walter E. Ingram, appeals as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure from the trial court's denial of his petition for post-conviction relief. The Petitioner filed a <u>pro</u> <u>se</u> petition for post-conviction relief on April 10, 1996. On April 25, 1996, the trial court dismissed the petition without conducting an evidentiary hearing, finding that it was barred by the statute of limitations.[1] We affirm the judgment of the trial court.

The record reveals that from 1982 to 1984, the Petitioner amassed seven convictions for robbery with a deadly weapon and one conviction for second-degree murder. At a bifurcated trial on one of the charges for robbery with a deadly weapon, the Petitioner was also found to be an habitual criminal and was sentenced to life imprisonment. Although the record is somewhat unclear, it appears that the habitual criminal conviction occurred in September or November of 1983. Both the conviction and sentence were affirmed upon direct appeal to this Court. <u>See</u> <u>State v. Walter Eugene Ingram</u>, C.C.A. No. 147, Shelby County (Tenn. Crim. App., Jackson, June 26, 1985).

According to the Petitioner, he escaped from the Tennessee Department of Correction in 1987. He was captured in Louisiana in 1988 and apparently was convicted of attempted murder there. After being imprisoned in the Louisiana State Penitentiary for a period of time, he was returned to the Tennessee Department of Correction in February of 1996.

---

[1] <u>See</u> Tenn. Code Ann. § 40-30-206(b) (Supp. 1996).

The petition for post-conviction relief considered by the trial court in the case sub judice was filed on April 10, 1996.[2] The petition alleged that several of the prior convictions used to form the basis for the Petitioner's habitual criminal conviction were invalid. The challenged convictions were all based on guilty pleas. The Petitioner asserted that the trial court did not advise him of his constitutional rights before he pleaded guilty, thereby rendering his guilty pleas involuntary. Because the convictions used to form the basis for the habitual criminal finding were allegedly based on involuntary guilty pleas, the Petitoner argued that his habitual criminal conviction and accompanying life sentence were invalid. The trial court found that the petition was barred by the statute of limitations and dismissed it without conducting an evidentiary hearing. It is from the trial court's order of dismissal that the Petitioner appeals.

On appeal, the Petitioner contends that the trial court erred in finding that his petition for post-conviction relief was barred by the statute of limitations. At the time the Petitioner's convictions became final, a prisoner could petition for post-conviction relief "at any time after he ha[d] exhausted his appellate remedies and before the sentence ha[d] expired or ha[d] been fully satisfied." Tenn. Code Ann. § 40-30-102 (1982). In 1986, this section was amended to provide that a "prisoner in custody under sentence of a court of this state must petition for post-conviction relief under this chapter within three (3) years of the date of the final action of the highest state appellate court to which an appeal is taken or

---

[2] In his brief, the Petitioner claims that he originally mailed his petition for post-conviction relief from the Louisiana State Penitentiary to the Shelby County Court Clerk on March 2, 1989. In fact, the petition filed on April 10, 1996, is apparently a copy of the original petition referred to by the Petitioner and contains a certificate of service and an affidavit of indigency dated in March and February of 1989, respectively. There is nothing in the record which indicates that the original petition allegedly mailed in 1989 was ever received or filed by the Shelby County Court Clerk. Instead, the record clearly reflects that the petition actually considered by the trial court in the case at bar was marked as having been filed on April 10, 1996.

consideration of such petition shall be barred." Tenn. Code. Ann. § 40-30-102 (1990). The three-year limitations period began to run for the Petitioner on the effective date of the amended provision, July 1, 1986. See State v. Mullins, 767 S.W.2d 668, 669 (Tenn. Crim. App. 1988). The expiration of the three-year statute of limitations in the Petitioner's case occurred on July 1, 1989. As we stated above, the petition considered by the trial court in the present case was not filed until April 10, 1996.

Of course, the new Post-Conviction Procedure Act governs this petition and all petitions filed after May 10, 1995. See Tenn. Code Ann. § 40-30-201 et seq. (Supp. 1996). This Act provides, in pertinent part, that "notwithstanding any other provision of this part to the contrary, any person having ground for relief recognized under this part shall have at least one (1) year from May 10, 1995, to file a petition or a motion to reopen a petition under this part." Compiler's Notes to Tenn. Code Ann. § 40-30-201 (Supp. 1996) (referring to Acts 1995, ch. 207, § 3). Another panel of this Court has held, with one member dissenting, that the new Post-Conviction Procedure Act provides "a one-year window" during which each and every defendant may file a petition. See Arnold Carter v. State, C.C.A. No. 03C01-9509-CC-00270, Monroe County (Tenn. Crim. App., Knoxville, July 11, 1996), perm. to appeal granted (Tenn. 1996). The Carter court held that the one-year window is available even if the petition would have been long ago barred by the three-year statute provided under the previous act.

Other panels of this Court have followed the reasoning of the dissent in Carter and held that the 1995 Act did not provide previously-barred petitioners with a new one-year period from May 10, 1995 during which they could petition

-4-

for post-conviction relief. See Doyle Carter v. State, C.C.A. No. 01C01-9511-CC-00398, Davidson County (Tenn. Crim. App., Nashville, Feb. 12, 1997); Eric C. Pendleton v. State, C.C.A. No. 01C01-9604-CR-00158, Davidson County (Tenn. Crim. App., Nashville, Feb. 12, 1997); Wallace Butler v. Ricky Bell, Warden, C.C.A. No. 02C01-9510-CC-00297, Fayette County (Tenn. Crim. App., Jackson, Nov. 19, 1996); Johnny L. Butler v. State, C.C.A. No. 02C01-9509-CR-00289, Shelby County (Tenn. Crim. App., Jackson, Dec. 2, 1996); Stephen Koprowski v. State, C.C.A. No. 03C01-9511-CC-00365, Anderson County (Tenn. Crim. App., Knoxville, Jan. 28, 1997); Steve Koprowski v. State, C.C.A. No. 03C01-9511-CR-00378, Knox County (Tenn. Crim. App., Knoxville, Jan. 28, 1997).

We choose to follow the reasoning set forth in the Carter dissent. In our view, the one-year window provided by the language of the new Act is applicable only to those petitioners who were not already barred by the previous statute of limitations at the time the new Act took effect. Thus, if the previous three-year statute of limitations had not expired on a petitioner at the time the new Act took effect, he or she would have one year from the effective date of the statute, May 10, 1995, to file for post-conviction relief. This approach is in accordance with the general tenor of the entire Act as well as its legislative history.

In the case sub judice, the record indicates that the Petitioner's habitual criminal conviction became final in June of 1985. The previous three-year statute of limitations began to run for the Petitioner on July 1, 1986 and expired on July 1, 1989. As a result, the Petitioner was already barred by the previous statute of limitations on the date the new Act took effect, May 10, 1995. In addition, the Petitioner has not demonstrated that he fits within an exception to the statute of

limitations. <u>See</u> Tenn. Code Ann. § 40-30-202(b),(c) (Supp. 1996). Accordingly, the trial court did not err in finding that the petition was barred by the statute of limitations.

For the reasons set forth in the discussion above, we conclude that the trial court did not err in dismissing the petition for post-conviction relief. We therefore affirm the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
PAUL G. SUMMERS, JUDGE

_____
JOE G. RILEY, JUDGE