# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## MARCH 1997 SESSION

FILED

May 1, 1997

Cecil Crowson, Jr.
Appellate Court Clerk



| | | |
|---|---|---|
| JIMMY WAYNE WILSON, | ) | C.C.A. No. 03C01-9602-CC-00085 |
| | ) | SULLIVAN COUNTY |
| Appellant, | ) | |
| | ) | Hon. Arden L. Hill, Judge |
| VS. | ) | |
| | ) | (POST-CONVICTION RELIEF) |
| STATE OF TENNESSEE, | ) | Nos. S37141 and S37183 BELOW |
| | ) | |
| Appellee. | ) | |

FOR THE APPELLANT:

JIMMY WAYNE WILSON
Pro Se
Post Office Box 5000
Mountain City, TN 37683

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

WILLIAM DAVID BRIDGERS
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

H. GREELEY WELLS, JR.
District Attorney General

JOSEPH EUGENE PERRIN
Assistant District Attorney General
Post Office Box 526
Blountville, TN 37617

OPINION FILED:_____

AFFIRMED

CORNELIA A. CLARK,
Special Judge

## OPINION

Appellant appeals the dismissal of his petition for post-conviction relief based on the running of the statute of limitations and raises two issues for review: (1) whether the three-year statute of limitations has been tolled under Burford v. State based on the recent establishment of a new constitutional right and (2) whether Judge Arden L. Hill was authorized to preside over the evidentiary hearing and to dismiss the petition. We affirm the judgment of the trial court.

I.

On November 23, 1994, petitioner filed the two post-conviction petitions now before the court. According to the petitions, the appellant was convicted of assault with intent to commit murder in May 1971, possession of stolen property in July 1971, auto burglary in 1979, perjury in November 1980, and rape in October 1984. The auto burglary and perjury convictions were then used to enhance his rape conviction to habitual criminal status. Petitioner received a sentence of life imprisonment for the rape conviction. That conviction and sentence were upheld on appeal. State v. Jimmy Wayne Wilson, No. 717 (Tenn. Crim. App., Knoxville, November 14, 1986).

Between 1984 and 1994 petitioner filed several post-conviction petitions which have ultimately been adjudicated by this court. See Jimmy Wayne Wilson v. State, No. 909 (Tenn. Crim. App., Knoxville, May 29, 1991); Jimmy Wayne Wilson v. State, No. 970 (Tenn. Crim. App., Knoxville, June 12, 1991); Jimmy Wayne Wilson v. State, No. 03C01-9203-CR-104 (Tenn. Crim. App., Knoxville, December 1, 1992); Jimmy Wayne Wilson v. State, No. 03C01-9406-CR-00228 (Tenn. Crim. App., Knoxville, December 19, 1994) (Hill, trial judge). This court has already determined that the three-year statute of limitations has expired as to his claims.

In his two current petitions, the appellant alleges that his "enhanced punishment of an habitual criminal is invalid because it does not comport with the

2

statutory prerequisites with respect to prior felony convictions". The appellant cites Beecham v. United States, 511 U.S. 368, 114 S.Ct. 1669, 128 L.Ed.2d 383 (1994), and argues that the suit is not time barred because Beecham was not available as a ground for relief until it was decided on May 16, 1994. On appeal, he maintains that he is entitled to relief from the statute of limitations under Burford v. State, 845 S.W.2d 204 (Tenn. 1992).[1]

We disagree, for reasons identical to those set forth in Harold V. Smith v. State, No. 03C01-9506-CR-00168 (Tenn. Crim. App., Knoxville, March 12, 1996). In Beecham, the United States Supreme Court interpreted 18 U.S.C. §921(a)(20), the statute dealing with the definition of a "conviction" for purposes of the federal firearms statute. 114 S.Ct. Id. at 1671. The defendants in that case claimed that prior federal convictions could not be used against them because their civil rights had been restored pursuant to state law. The court held as a matter of federal statutory interpretation that a restoration of civil rights for federal felons must be pursuant to federal law. Id. Beecham does not announce a new constitutional right or afford this appellant any relief from the statute of limitations. See also Dewey Scott Frazier v. State, No. 03C01-9505-CR-00142 (Tenn. Crim. App., Knoxville, February 8, 1996).

These petitions were clearly barred by the three-year statute of limitations, and were subject to summary dismissal. See Hardin v. State, 873 S.W.2d 2, 3 (Tenn. Crim. App. 1993).

## II.

Petitioner next contends that the dismissal of his post-conviction petition is invalid because Judge Arden L. Hill was not authorized to preside in Sullivan

---

[1] In Burford the Tennessee Supreme Court created an exception to the three-year statute of limitations for post-conviction relief. Those petitions based on constitutional grounds not recognized or not available to petitioners prior to the running of their limitations period are not barred from being filed.

County. He relies on T.C.A. §40-30-103(b). That reliance is misplaced. Effective April 12, 1993, T.C.A. §40-30-103(b) was amended to provide that "at . . . the trial proceeding . . . the presiding judge . . . shall assign a judge to hear the petition. The issue of competency of counsel may be heard by a judge other than the original hearing judge". Tenn. Code Ann. §40-30-103(b) (1994 Supp.).[2]

The judge originally assigned to hear this case was Frank L. Slaughter. By order filed November 30, 1994, Judge Slaughter recused himself and transferred the case to Arden L. Hill, who has heard at least one of petitioner's prior post-conviction petitions. See Jimmy Wayne Wilson v. State, No. 03C01-9406-CR-00228 (Tenn. Crim. App., Knoxville, December 19, 1994). Appellant has not demonstrated that the designation of Judge Hill was invalid under T.C.A. §§40-30-103(b), 17-2-202, or Directive 92-3 of the Administrative Office of the Courts.

We affirm the judgment of the trial court dismissing the petition.

_____
CORNELIA A. CLARK
SPECIAL JUDGE

CONCUR:

_____
JOHN H. PEAY
JUDGE

_____

[2]Subsequently, this section was repealed by 1995 Tenn. Pub. Act 207, Section 1, now codified at T.C.A. §40-30-205(b). This section contains virtually identical language: "at . . . the trial proceeding . . . the presiding judge of the appropriate court shall assign a judge to hear the petition. The issue of competency of counsel may be heard by a judge other than the original hearing judge. If a presiding judge is unable to assign a judge, the chief justice of the Supreme Court shall designate an appropriate judge to hear the matter".

_____
PAUL G. SUMMERS
JUDGE

**IN THE COURT OF CRIMINAL APPEALS TENNESSEE AT KNOXVILLE**

| | | |
|---|---|---|
| **JIMMY WAYNE WILSON,** | ) | **C.C.A. No. 03C01-9602-CC-00085** |
| | ) | **SULLIVAN COUNTY** |
| **Appellant,** | ) | |
| | ) | **Hon. Arden L. Hill, Judge** |
| **VS.** | ) | |
| | ) | **(POST-CONVICTION RELIEF)** |
| **STATE OF TENNESSEE,** | ) | **Nos. S37141 and S37183 BELOW** |
| | ) | |
| **Appellee.** | ) | |

<u>**JUDGMENT**</u>

Came the appellant, Jimmy Wayne Wilson, by counsel and also came the attorney general on behalf of the state, and this case was heard on the record on appeal from the Criminal Court of Sullivan County; and upon consideration thereof, this court is of the opinion that there is no reversible error in the judgment of the trial court.

Our opinion is hereby incorporated in this judgment as if set out verbatim.

It is, therefore, ordered and adjudged by this court that the judgment of the trial court is AFFIRMED, and the case is remanded to the Criminal Court of Sullivan County for execution of the judgment of that court and for collection of costs accrued below.

It appears that the appellant is indigent. Costs of this appeal will be paid by the State of Tennessee.

**PER CURIAM**

John H. Peay, Judge
Paul G. Summers, Judge
Cornelia A. Clark, Special Judge