IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 10, 2012

## LAQUENTON MONGER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 98-01601-02      Carolyn Wade Blackett, Judge**

**No. W2011-00466-CCA-R3-PC  - Filed November 2, 2012**

The petitioner, LaQuenton Monger, appeals the summary dismissal of his petition for post-conviction relief.  The petitioner was convicted by a jury of first degree felony murder in the perpetration of aggravated child abuse and of aggravated child abuse.  On direct appeal, the conviction for first degree murder was ultimately reversed and remanded for a new trial because the trial court failed to charge lesser included offenses.  The petitioner pled guilty to second degree murder.  The petitioner brought a pro se post-conviction petition asserting various errors, and the post-conviction court dismissed the petition based on the statute of limitations.  After a thorough review of the record, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, J.J., joined.

James Arnold, Germantown, Tennessee, for the appellant, LaQuenton Monger.

Robert E. Cooper, Jr., Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Gregory Gilbert, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural History

The petitioner was convicted for the 1997 abuse and murder of his seven-month-old daughter, who died as the result of being squeezed so hard that her liver ruptured, a hole  was broken through her heart, and old fractures on her ribs were re-broken.  *State v. Monger*, No.

W2000-00489-CCA-R3-CD, 2001 WL 1011763, at *1-7 (Tenn. Crim. App. Aug. 27, 2001). The trial court imposed a life sentence for the felony murder conviction and a concurrent sentence of twenty years for the aggravated child abuse. On direct appeal, this court initially concluded that the conviction for aggravated child abuse violated the prohibition against double jeopardy and that the petitioner was entitled to a new trial on the felony murder conviction due to the trial court's failure to charge lesser included offenses. However, the Tennessee Supreme Court remanded for reconsideration in light of its opinion in *State v. Godsey*, 60 S.W.3d 759 (Tenn. 2001), and this court reinstated the conviction for aggravated child abuse on June 20, 2002 and remanded for a new trial on the murder charge. *State v. Monger*, No. W2002-00321-CCA-RM-CD, 2002 WL 1349528, at *1 (Tenn. Crim. App. June 20, 2002), *perm. app. denied* (Tenn. Dec. 9, 2002). The petitioner then pled guilty to second degree murder, and on February 10, 2004, he was sentenced to serve twenty years in prison.[1] No appeal was taken from the guilty plea.

On October 11, 2005, the petitioner filed a "petition to correct illegal sentence," which was treated as a petition for the writ of habeas corpus and denied based on the petitioner's failure to attach the appropriate judgments of conviction. This court affirmed the dismissal, concluding that the failure to attach the judgment sheets was sufficient cause to deny the petition, but also concluding that the petitioner was properly ordered to serve 100 percent of his sentences under Tennessee Code Annotate section 40-35-501(i). *Monger v. Mills*, No. W2005-02516-CCA-R3-HC, 2006 WL 1063613, at *2 (Tenn. Crim. App. Apr. 21, 2006) *perm. app. denied* (Tenn. Aug. 28, 2006). The petitioner filed a subsequent habeas corpus petition, asserting that his convictions were void because a new rule of constitutional law requiring retroactive application barred his sentence from being enhanced by judicially determined facts. This court found that the cases cited did not require retroactive application and at most rendered petitioner's sentences voidable. *Monger v. State*, No. M2008-01203-CCA-R3-CO, 2009 WL 111651, at *1 (Tenn. Crim. App. Jan. 13, 2009).

On December 15, 2010, the petitioner filed the instant petition, entitled "Motion to Reopen Post-Conviction Relief Under Tennessee Supreme Court Rule 28, Sec. 9(B), T.C.A. § 40-30-117(a)(4) and New Found Evidence Under T.C.A. § 40-30-103." The petitioner asserts that his Sixth and Fourteenth Amendment rights were violated because his sentence was enhanced by judicially found facts; that he is entitled to relief because it was error to enhance his sentences beyond the minimum in his range or to order them served at 100 percent; that his plea was not knowing and voluntary because he was unaware that he was

---

[1]Although the amended judgment sheet attached to the petition fails to indicate that the petitioner was found guilty, whether such a finding was the result of a guilty plea, and whether his sentence would be concurrent to the sentence for aggravated child abuse, the parties agree that he pled guilty and the appellate opinion in his second habeas corpus petition notes that the sentences are concurrent.

not sentenced to the minimum in his range and unaware that he would have to serve 100 percent of the sentence and because of a clerical error on the judgment form; and that he was entitled to be sentenced under the 2005 amendment to Tennessee Code Annotated section 40-35-210(c) (2005). The trial court dismissed the petition based on failure to file within the limitations period.

**Analysis**

Tennessee Code Annotated section 40-30-117 (2010) permits "the first post-conviction petition" to be reopened under certain circumstances. T.C.A. § 40-30-117(a). Appeal from denial of a motion to reopen is permissive, and the decision is reviewed for abuse of discretion. T.C.A. § 40-30-117(c). However, the petitioner in this case never filed an original post-conviction petition. The action he filed on October 11, 2005, entitled "petition to correct illegal sentence," was commenced over a year after his conviction for second degree murder became final, and it was treated as a petition for habeas corpus by the court. His subsequent challenge was also an action for habeas corpus relief. The petitioner's brief refers to his own motion as a petition for post-conviction relief. Accordingly, we treat this petition as his first petition for post-conviction relief. On appeal, the findings of fact made by a post-conviction court are conclusive unless the evidence preponderates otherwise. *Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). A post-conviction court's application of the law to the facts is de novo, and the post-conviction court's conclusions of law are not afforded any presumption of correctness. *Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn. 2009).

Under Tennessee Code Annotated section 40-30-102(a), a post-conviction petition must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." The statute provides that the limitations period "shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." *Id.* Failure to file within the limitations period removes the case from the court's jurisdiction. The limitations period has three statutory exceptions for certain claims involving new constitutional rights, certain claims involving new scientific evidence, and for sentences enhanced by subsequently overturned convictions. T.C.A. § 40-30-102(b) (formerly T.C.A. § 40-30-202(b) (1997); this provision located at section -202 in 2002, when the petitioner's conviction for aggravated child abuse became final). On appeal, the petitioner acknowledges that none of the statutory exceptions to the limitations period apply to his petition. He nevertheless asserts that due process requires the limitations period to be tolled.

In addition to the statutory exception, our courts have recognized that on occasion, due

process requires that the statute of limitations be tolled. *Williams v. State*, 44 S.W.3d 464, 468 (Tenn. 2001). Inherent in due process is "'a reasonable opportunity to have the claimed issue heard and determined.'" *Sands v. State*, 903 S.W.2d 297, 300 (Tenn. 1995) (quoting *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992)). Accordingly, despite statutory language that "the statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity," T.C.A. § 40-30-102(a), due process may require tolling when circumstances beyond the petitioner's control preclude raising the post-conviction claims. *Williams*, 44 S.W.3d at 469. Due process may toll the statute of limitations when the petitioner is caught in a procedural trap, *Burford*, 845 S.W.2d at 208 (concluding due process tolled the limitations period when petitioner's sentence was enhanced by prior conviction which had been overturned); when the petitioner is the victim of his counsel's misrepresentation, *Williams*, 44 S.W.3d at 471 (remanding for a determination of misconduct); and when mental incompetence prevents timely filing, *Seals v. State*, 23 S.W.3d 272, 279 (Tenn. 2000). In *Williams*, the Tennessee Supreme Court specifically asserted that it was "not holding that a petitioner may be excused from filing an untimely post-conviction petition as a result of counsel's negligence." *Williams*, 44 S.W.3d at 468 n.7. The petitioner urges a rule which would toll the statute based on a petitioner's lack of legal training and the absence of assistance by counsel, and the petitioner asserts that he believed his October 11, 2005 action tolled the limitations period.[2] However, we find "[t]he petitioner's argument that this Court should create an exception to the well established rule simply because he is not a lawyer . . . unconvincing." *Harden v. State*, 873 S.W.2d 2, 4 (Tenn. Crim. App. 1993).

In evaluating whether due process should toll the statute of limitations on a post-conviction action,

> courts should utilize a three-step process: (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

*Sands*, 903 S.W.2d at 301. Determining whether due process requires an opportunity to present a claim involves considering "(1) the private interest at stake; (2) the risk of erroneous deprivation of the interest through the procedures used and the probable value, if

---

[2]We note that this filing likewise falls outside the statutory limitations period.

any, of additional or substitute safeguards; and finally, (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Seals*, 23 S.W.3d at 277.

The statute of limitations on the petitioner's conviction for aggravated child abuse began to run on December 9, 2002, when his appeal to the Tennessee Supreme Court was denied. His guilty plea to second degree murder became final thirty days after it was entered on February 10, 2004, and the limitations period began to run on that date. *See State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996). The instant petition was filed on December 15, 2010. The petitioner alleges no later-arising grounds for relief, and we note that some of the petitioner's claims have previously been addressed in his prior habeas corpus petitions. Because the petitioner has alleged no grounds which could be deemed to be later-arising, we do not proceed to step three of the *Sands* analysis but conclude that due process does not require the statute of limitations to be tolled.

CONCLUSION

Because the petition was filed outside the statutory limitations period and because there is no reason to toll the statute of limitations, we affirm the post-conviction court's dismissal of the petition for post-conviction relief.

_____
JOHN EVERETT WILLIAMS, JUDGE