IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 4, 2025

## MILBURN L. EDWARDS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**Nos. B-76054 - B-76070    Carolyn W. Blackett, Judge**

———————————————————

### No. W2024-01076-CCA-R3-PC

———————————————————

Petitioner, Milburn L. Edwards, appeals the Shelby County Criminal Court's summary dismissal of his third petition for post-conviction relief because it was time-barred. Following our review of the entire record, the briefs, and the applicable law, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JILL BARTEE AYERS, J., delivered the opinion of the court, in which TOM GREENHOLTZ, J., joined. J. ROSS DYER, J., not participating.

Milburn L. Edwards, Nashville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Lacey E. Wilber, Senior Assistant Attorney General; Steven J. Mulroy, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

The procedural history of this case has been previously summarized by a panel of this court as follows:

> On February 3, 1982, the Petitioner, Milburn L. Edwards, entered a guilty plea in Shelby County Criminal Court to two counts of rape, three counts of robbery, one count of robbery with a deadly weapon, four counts of burglary, one count of attempted burglary, one count of first degree criminal sexual conduct, one count of assault with intent to commit criminal sexual conduct, and one count of a crime against nature, and he received an effective sentence

of ten years. *Milburn L. Edwards v. State*, No. [W]2000-00043-CCA-R3-PC, 2001 WL 293008, at \*1 (Tenn. Crim. App. Mar. 27, 2001), *perm. app. denied* (Tenn. Sept. 17, 2001). In 1987, the Petitioner was paroled on this sentence. *Milburn L. Edwards v.* State, No. M2002-02124-CCA-R3-PC, 2003 WL 23014683, at \*16 (Tenn. Crim. App. Dec. 15, 2003).

In 1991, the Petitioner was convicted by a Davidson County Criminal Court jury of twenty-one counts of rape, two counts of first-degree burglary, two counts of aggravated burglary, one count each of second-degree burglary, aggravated rape, assault with intent to commit rape, and robbery, and the trial court sentenced him to an effective sentence of life plus 415 years. *State v. Edwards*, 868 S.W.2d 682, 685 (Tenn. Crim. App. 1993). In sentencing the Petitioner for his 1991 convictions, the trial court considered the Petitioner's 1982 convictions to establish his offender classification, and therefore, his sentencing range. *Id.* at 701. On direct appeal, this court affirmed the Petitioner's convictions but modified his sentence to life plus 195 years. *Id.* at 705.

On June 23, 1997, the Petitioner filed a pro se post-conviction petition challenging his 1982 convictions. *Milburn L. Edwards*, 2001 WL 293008, at \*1 . . . . The Petitioner argued that his petition was not untimely because due process considerations tolled the statute of limitations pursuant to *Burford v. State*, 845 S.W .2d 204 (Tenn.1992). The Petitioner, in addition to raising other issues, alleged that his guilty plea was unknowing and involuntary and that the trial court failed to inform him of the privilege against self[-] incrimination. *Milburn L. Edwards*, 2001 WL 293008, at \*4. The Petitioner was appointed counsel. The post-conviction court, after conducting an evidentiary hearing to determine whether the post-conviction petition was barred by the statute of limitations, filed a written order denying relief. *Id.* In its conclusions of law, the court held that the Petitioner's June 23, 1997 post-conviction petition was time-barred:

> In regard to the first step [in *Burford*], determining when the statute of limitations would normally have begun to run, at the time of Petitioner's guilty pleas in 1982 there was no statute of limitations on when a Petition for Post[-]Conviction Relief could be brought. On July 1, 1986, the Tennessee Legislature enacted [Tennessee Code Annotated section] 40-30-102, the Post-Conviction Petition Act, [which] established a three[-]year statute of limitations on post-conviction petitions. Any claim arising from a conviction prior to July 1, 1983, the statute of limitations was deemed to have begun to run on July 1, 1986, so that the statute of limitation[s] would have expired by July 1, 1989.

> In regard to the second step [in *Burford*], as to whether the grounds for relief actually arose after the limitations period would normally have commenced, the grounds for relief arose at the time Petitioner entered his guilty plea on February 3, 1982. Therefore, in the instant case, the grounds [w]ere not "later arising" and there is no need to address the third step to determine whether the Petition comes under the *Burford* exception.
>
> The post-conviction court found that because the statute of limitations began to run on July 1, 1986, and expired three years later on July 1, 1989, the Petitioner's June 23, 1997 post[-]conviction petition was untimely. *Id.* at *2. On appeal, this court affirmed the judgment of the post-conviction court. *Id.* at *4.
>
> On June 7, 2013, the Petitioner filed his second pro-se post-conviction petition, again challenging his 1982 convictions. In it, he alleged that his guilty pleas were involuntary and unknowing because the trial court and his attorney failed to advise him of his right against self-incrimination. The Petitioner argued that due process considerations tolled the statute of limitations because his claim did not arise until the Davidson County Criminal Court used his 1982 convictions to determine his offender classification for his 1991 convictions . . . . He also argued that his claim was not waived or previously determined because appointed counsel who represented him on his first post-conviction petition failed to present this due process argument at the trial court level or on appeal. On June 20, 2013, the post-conviction court summarily dismissed the petition on the grounds that this claim had been previously determined and that due process considerations did not toll the statute of limitations.

*Edwards v. State*, No. W2013-01886-CCA-R3-PC, 2014 WL 3954049, at *1-2 (Tenn. Crim. App. Aug. 13, 2014). This court affirmed the summary dismissal of Petitioner's second post-conviction petition finding that it was time-barred, and Petitioner failed to show that the statute of limitations should be tolled for due process considerations. *Id.* at *3.

On June 11, 2024, Petitioner filed his third petition for post-conviction relief, the subject of this appeal, alleging that his guilty pleas were obtained in violation of *Boykin v. Alabama*, 395 U.S. 238 (1969), because he was unaware that his convictions could be used to enhance his sentence for any subsequent convictions. He further argued that his guilty pleas were not "knowingly, voluntarily, and intelligently" entered because the State withheld exculpatory evidence, that he was unaware of his right against self-incrimination prior to pleading guilty, and that he received the ineffective assistance of counsel. On June 21, 2024, the post-conviction court entered an order summarily dismissing the petition

because it was filed outside of the statute of limitations. It is from this order that Petitioner now appeals.

## Analysis

Petitioner concedes that his third petition for post-conviction relief was untimely filed. However, he asserts that he is entitled to tolling of the one-year statute of limitations because he "continues to suffer collateral legal consequences as a result of his prior conviction being relied upon by a Davidson County Court to enhance his current sentence. Moreover, these collateral legal consequences have existed continuously since" his convictions were entered on February 3, 1982.[1] The State responds that Petitioner filed an untimely notice of appeal, the post-conviction court properly dismissed the petition for post-conviction relief as untimely, and that no circumstances require tolling the statute of limitations.

Initially, the record shows that Petitioner filed his notice of appeal on July 23, 2024, more than thirty days after the post-conviction court entered the order on June 21, 2024, dismissing his pro se post-conviction petition as untimely. As such, the State argues that the appeal should be dismissed pursuant to Rule 4(a) of the Tennessee Rules of Appellate Procedure which provides that a notice of appeal should be filed within thirty days from the date of the entry of judgment. In response to the State's argument that his appeal should be dismissed, Petitioner filed as a reply brief a purported copy of a portion of the "South Central Correctional Center Mail Log History" reflecting that he submitted a document to prison authorities on July 19, 2024, which he asserts was his notice of appeal, for mailing to the appellate court clerk. We also note that Petitioner wrote "7-19-24" on the notice of appeal. We conclude that this uncertified and unsworn document does not conclusively establish that the notice of appeal was timely filed. However, in view of Petitioner's pro se status and the fact that the notice of appeal was at most two days late "and at best, timely submitted to prison authorities for mailing," the requirement for a timely-filed notice of appeal should be waived in the interest of justice pursuant to Rule 4(a) of the Tennessee Rules of Appellate Procedure. *Carter v. State*, No. E2003-02887-CCA-R3-PC, 2004 WL 508483, at *2 (Tenn. Crim. App. Mar. 16, 2004); *see* Tenn. S. Ct. R. 28, § 2(G) (providing filings by a pro se petitioner incarcerated in a correctional facility are timely filed "if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing").

Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. A person in custody under a sentence of a court of this state must petition for post-conviction relief "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken

---

[1] Petitioner does not raise the other claims addressed in his post-conviction petition on appeal.

or, if no appeal is taken, within one (1) year of the date on which the judgment became final." *Id.* § 40-30-102(a). "The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." *Id.* Moreover, "[t]ime is of the essence of the right to file a petition for post-conviction relief, . . . and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise." *Id.* If it plainly appears on the face of the post-conviction petition that the petition was filed outside the one-year statute of limitations or that a prior petition attacking the conviction was resolved on the merits, the post-conviction court must summarily dismiss the petition. *Id.* § 40-30-106(b). "The question of whether the post-conviction statute of limitations should be tolled is a mixed question of law and fact that is . . . subject to de novo review." *Bush v. State*, 428 S.W.3d 1, 16 (Tenn. 2014) (citing *Smith v. State*, 357 S.W.3d 322, 355 (Tenn. 2011)). As applicable to Petitioner's 1982 convictions which were prior to the enactment of the 1995 Post-Conviction Procedure Act, a post-conviction petition had to be filed within (a) three years of the date of the final action of the highest state appellate court to which an appeal was taken, or (b) three years from July 1, 1986, the effective date of the statute. T.C.A. § 40-30-102 (1990) (repealed 1995); *State v. Mullins*, 767 S.W.2d 668, 669 (Tenn. Crim. App. 1988).

Tennessee Code Annotated section 40-30-102(b) provides three exceptions to the statute of limitations for petitions for post-conviction relief: (1) claims based on a final ruling of an appellate court establishing a constitutional right not recognized as existing at the time of trial and given retroactive effect by the appellate courts; (2) claims based upon new scientific evidence establishing that the petitioner is actually innocent of the conviction offense; and (3) claims seeking relief from a sentence that was enhanced because of a previous conviction and the previous conviction was later held to be invalid. T.C.A. § 40-30-102(b)(1)-(3).

In addition to the statutory exceptions, our supreme court has held that due process principles may require tolling the statute of limitations. *See Whitehead v. State*, 402 S.W.3d 615, 622-23 (Tenn. 2013). To date, our supreme court "has identified three circumstances in which due process requires tolling the post-conviction statute of limitations": (1) when the claim for relief arises after the statute of limitations has expired; (2) when the petitioner's mental incompetence prevents him from complying with the statute of limitations; and (3) when the petitioner's attorney has committed misconduct. *Id.* at 623-24. To succeed upon such a claim, a petitioner must show "(1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Id.* at 631 (citing *Holland v. Florida*, 560 U.S. 631, 648-49 (2010)).

As pointed out by the State, this court has previously held that the statute of limitations period for filing a post-conviction petition on Petitioner's 1982 convictions has long expired. The statute of limitations began to run on July 1, 1986, and expired on July

1, 1989. *Edwards*, 2014 WL 3954049, at \*33. As to Petitioner's second post-conviction petition, this court concluded:

> While the Petitioner may not have been aware that his 1982 convictions could affect his offender classification for later convictions, namely his 1991 convictions, he does not claim that the law regarding offender classification did not exist at the time he entered his guilty plea in 1982 . . . Consequently, we conclude that the Petitioner has failed to establish a "later-arising" claim that justifies tolling the statu[t]e of limitations on due process grounds.

*Id.*

The record does not demonstrate that any of the exceptions found in Tennessee Code Annotated section 40-30-102(b)(1)-(3) apply to toll the statute of limitations as to Petitioner's current post-conviction petition since his claim is similar to those raised in his previous two petitions[2] which were dismissed as untimely because he failed to show that the statute of limitations should be tolled for due process considerations. Petitioner's claim in his current petition, as in his previous two petitions, is not based on a new rule of constitutional law applying retroactively, new scientific evidence establishing his actual innocence, or that he was seeking to challenge a sentence enhanced by a previous conviction that was overturned. Furthermore, the record does not show that Petitioner was entitled to due process tolling by pursuing his rights diligently and that an extraordinary circumstance stood in his way to prevent him from timely filing his post-conviction petition. *See Whitehead*, 402 S.W.3d at 631. Petitioner has failed to show that he is entitled to due process tolling based on his claim that he continues to suffer collateral legal consequences resulting from his 1982 convictions being relied upon to enhance his 1991 sentence. Petitioner is not entitled to relief.

## CONCLUSION

For the forgoing reasons, the judgment of the post-conviction court is affirmed.

s/ *Jill Bartee Ayers*

JILL BARTEE AYERS, JUDGE

---

[2] We note that the Post-Conviction Act contemplates the filing of only one petition for post-conviction relief attacking a single judgment. If the petition was resolved on the merits by a court of competent jurisdiction, "any second or subsequent petition shall be summarily dismissed." T.C.A. § 40-30-102(c). It does not appear that Petitioner's previous two post-conviction petitions were resolved on the merits as they were dismissed as untimely.